*562
 
 Zimmerman, J.
 

 The sole question herein presented by the appellant relates to the taxability of purchases of certain “concrete mixer truck chassis.”
 

 It appears from the record that the appellant is partly engaged in the business of manufacturing and selling concrete. Its activities in this respect are confined to the so-called “transit mix” method, wherein the necessary ingredients for producing concrete are placed in a metal mixer at appellant’s plant. This mixer is mounted on and attached to a motor truck chassis, and the mixing or manufacture of the concrete occurs, by the operation of machinery connected with the mixer, during the time the mixer and its contents are being transported on the motor truck to the location where the concrete is to be delivered and utilized.
 

 The concrete mixing apparatus and the motor truck are separate units and are separately purchased from different sources. After the motor truck carrying the mixer arrives at its destination and the concrete is deposited “on the job,” that particular operation is finished.
 

 Although the question is a close one, a majority of the court is of the view that the motor truck chassis, here in issue, are essentially transportation instrumentalities, convenient and-facilitative to the delivery of the concrete; that they are not employed
 
 directly
 
 in the
 
 production
 
 of tangible personal property for sale by manufacturing or processing; and, hence, that their sale and use are not excepted from taxation by the provisions of Sections 5546-1, 5546-2, 5546-25 and 5546-26, General Code. In other words, these motor truck chassis do not play a direct part in the actual production of the concrete.
 

 Pertinent to the instant controversy is the following language from the opinion in the case of
 
 Tri-State
 
 
 *563
 

 Asphalt Corp.
 
 v.
 
 Glander, Tax Commr.,
 
 152 Ohio St., 497, 501, 90 N. E. (2d), 366, 368:
 

 “When the General Assembly excepted from taxation the sales of those things which were to be used or. consumed directly in the production of tangible personal property for sale by processing, it had in mind only such articles as had a direct part in the processing. Sales of instrumentalities of transportation and other articles or things which are necessary to carry on the business of processing, but which themselves have no part directly in the production, were not excepted.”
 

 No useful purpose would be served by discussing and analyzing the prior decisions of this court touching the question presented on the present appeal; that has been done in the recently decided case of
 
 Jackson Iron & Steel Co.
 
 v.
 
 Glander, Tax Commr., ante,
 
 369. However, we believe the decision herein reached maybe more easily harmonized with the cases heretofore decided than a contrary one.
 

 To our way of thinking there is no sound basis for sustaining appellant’s rather ingenious contention that the taxation of the purchase of the motor truck chassis constitutes a violation of the Fourteenth Amendment to the Constitution of the United States in that such chassis in fact are mobile bases for the concrete mixers and that since the purchases of stationary or fixed bases are not taxed, discrimination has been practiced against appellant in the assessment of sales and use taxes on the purchase of these motor truck chassis which serve the same purpose.
 

 Upon the determination that the decision of the Board of Tax Appeals in the instant cause is neither unreasonable nor unlawful, the same is affirmed.
 

 Decision affirmed.
 

 
 *564
 
 Stewart, Middleton, Matthias and Hart, JJ., concur.
 

 Weygandt, O. J., dissents.