## TULSA MACHINERY CO. v. OKLAHOMA TAX COMMISSION.

No. 35393.   Feb. 24, 1953.

*253 P. 2d 1067.*

F. C. Swindell and A. D. Mason, Tulsa, for plaintiff in error.

R. F. Barry, W. F. Speakman, and E. J. Armstrong, Oklahoma City, for defendant in error.

ARNOLD, J.   There is presented here an appeal taken by Tulsa Machinery Company, hereinafter referred to as appellant, from an order of the Oklahoma Tax Commission, hereinafter referred to as the Commission, assessing a sales tax against it including interest and penalty in the sum of $1,623.01.   Appellant paid the tax under protest and filed a claim for refund of the amount paid.   The Commission denied the claim for refund.

The tax was assessed by the Commission against the gross proceeds derived from the sale of machinery and equipment to the Anchor Stone & Material Company and Chandler Materials Company.

The evidence shows that Anchor Stone & Material Company and Chandler Materials Company owned separate tracts of land near the city of Tulsa beneath the surface of which lay a stratum of limestone rock.   The first step in the process of the business conducted by these companies was to remove the overburden of surface soil of said rock.   This is done by use of bulldozers and shovels powered by motor equipment.   After the removal of the overburdened, the next step required the drilling of holes in the rock of sufficient size and depth as to emplant therein nitroglycerin or other explosives.   The explosion would crack the rock into chunks, then by means of motor-powered shovels and conveyors the rocks were loaded on a dump truck and transported to rock crushers located on the properties of these companies.   The rock

would then be placed in and would pass through a series of crushers. The crushers would reduce it into small sizes for commercial use. The processed material was then sold and used for building roads, sidewalks and other purposes.

It is the contention of appellant that all the machinery and equipment sold by it to Anchor Stone & Material Company and Chandler Materials Company was sold for use in manufacturing and the proceeds derived from the sale of such machinery and equipment were therefore exempt from taxation under 68 O.S. 1951 §1251d, subd (q) which exempts:

"Sale of machinery and equipment purchased and used by persons establishing new manufacturing or processing plants in Oklahoma, and machinery and equipment purchased and used by persons in the operation of manufacturing plants already established in Oklahoma; *provided, this exemption shall not apply unless such machinery and equipment is incorporated into, and is directly used in, the process of manufacturing property subject to taxation under the Sales Tax Act. * * *"*

The items upon which the taxes were assessed consisted of the sale to Anchor Stone & Material Company of a K360 Diesel shovel, the purchase price of which was $28,687.02 and also parts for a pneumatic drill and repair parts for the Diesel shovel upon which combined items there was assessed a sales tax in the sum of $645.72 plus interest and penalty in the sum of $173.89; sales to Chandler Materials Company consisting of welding equipment in the sum of $389.36 and repair parts for Diesel shovel similar to the shovel sold by appellant to the Anchor Stone & Material Company upon which items sales tax was assessed in the sum of $680 plus penalty and interest in the sum of $123.40.

Counsel for the Commission contend that the sales here involved and upon which the taxes were assessed do not come within the exemption claimed by appellants for the following reasons: (1) the Anchor Stone & Chandler Material Companies to whom the machinery and equipment were sold were not engaged in the business of manufacturing; (2) assuming that they were so engaged the machinery and equipment purchased and used by them was not incorporated into and directly used in the process of manufacturing and therefore not exempt from the sales tax under the section of the statute relied upon by appellants.

The authorities are in conflict as to whether the activities in which the above companies were engaged constitute manufacturing. We think, however, this question is put to rest in this state by our decision in Cain's Coffee Co. v. City of Muskogee, 171 Okla. 635, 44 P. 2d 50. In that case it appears that the City of Muskogee passed an ordinance authorizing the city council to levy and collect a license tax on merchants of all kinds including grocers. The city attempted to collect the license tax from Cain's Coffee Company. It is contended that it was not a merchant or grocer but was a manufacturer and brought an action to enjoin the collection of the tax.

The evidence in that case shows that Cain's Coffee Company had acquired raw materials, such as green and unprepared coffee, teas, spices and other materials which were unfit for human consumption in the condition at time procured and could be used only after the same had been treated, milled, worked upon and processed by human skill and ingenuity and mechanical devices and appliances used by the Cain's Coffee Company; that such processes could be accomplished only by specially constructed scientific machinery and skilled manipulation; that all of said materials were purchased in bulk; that none were sold or disposed of by the plaintiff in the natural form as acquired; that no part of plaintiff's profit was made or acquired through the sale of such commodities in original state; that it was only after the same had passed

through the factory of Cain's Coffee Company that they became fit for human consumption. This court after referring to cases from other states and federal courts reached the conclusion that Cain's Coffee Company was a manufacturer and not a merchant or grocer.

If the activities in which the Cain's Coffee Company in that case was engaged constitute manufacturing, then the activities in which the above mentioned companies were engaged in changing the form of rocks by placing them through various crushers, pulverizing and processing the rocks for commercial use, likewise constitute manufacturing. The fact, however, that the above mentioned companies were engaged in manufacturing and that the materials sold to them by appellant were used in connection with that business does not of itself entitle appellant to the exemption claimed. Before the exemption may be claimed it must be shown that the machinery and equipment sold by it to these companies was by them "incorporated into and directly used in the manufacturing of property subject to taxation" under the Sales Tax Act. Although the above companies were engaged in manufacturing, process of manufacturing did not take place or commence until the rock was conveyed to and placed in the first crusher. The Diesel shovel and the repair parts were not incorporated into the crusher and were not used directly in crushing or changing the form of the rocks, and therefore not directly used in manufacturing property subject to sales tax and for this reason the gross proceeds derived from the sale thereof are not exempt from the sales tax. In Tri-State Asphalt Corporation v. Glander, Tax Com'r, 152 Ohio St. 497, 90 N.E. 2d 366, the Supreme Court of Ohio held:

"Boom and bucket cranes the sole function of which is the conveying of ingredients to a place of processing, and which have no part in the actual processing itself, are not used or consumed directly in the production of tangible personal property for sale by processing and under Section 5546-1, General Code, their sales are not excepted from taxation."

In that case the court in reversing the order of the Board to Tax Appeals said:

"The basis of the decision of the Board of Tax Appeals was the fact that in order to produce appellee's product it was essential to transport the ingredients to bins located in the portable mixer. Such a line of reasoning would except from taxation the sales of practically all instrumentalities for transportation used by manufacturers or processors of products."

See, also, W. E. Anderson & Sons Co. v. Glander, Tax Com'r, 154 Ohio St. 561, 97 N.E. 2d 29.

The Commission found that the machinery, repair parts and equipment upon and in connection with which the sales tax, including interest and penalty in the amount of $1,623.01 was imposed, was not incorporated into and directly used in the manufacturing of property and for such reason the sales were not exempt from the tax and denied appellant's claim for refund, except as to the sum of $56.28, which amount had been paid twice by appellant. Under the evidence and above authorities the Commission ruled correctly in so finding and holding. This conclusion is not contrary to the definitions by the Legislature and included in the act, but, on the contrary, is, we think, in accord therewith.

Order affirmed.

JOHNSON, V. C. J., and WELCH, C O R N , O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.