Taet, J.,
dissenting. The per curiam opinion in the instant-case is a logical sequel to the per curiam opinion in Standard Oil Co. v. Peck, Tax Commr., 163 Ohio St., 63, 125 N. E. (2d), 342. It represents an almost complete abandonment by this court of its duty with respect to review of a decision of the Board of Tax Appeals, a duty imposed upon the court pursuant to the authority vested in the General Assembly by Section 2 of Article IY of the Constitution. A possible reason for such an abandonment is stated in the first paragraph of the opinion in Kelley Motors, Inc., v. Peck, Tax Commr., 161 Ohio St., 186, 118 N. E. (2d), 408, and that reason is perhaps emphasized by the very substantial number of questions presented in this case, as in Standard Oil Co. v. Peck, Tax Commr., supra.
My principal difficulties with the decision of the Board of Tax Appeals are with the apparent inconsistencies involved therein. For example, a use in lighting the production area would seem to be as direct a use “in the production of * * * property * * * by manufacturing” or “processing” (Sections 5739.01 and 5741.01, Revised Code) as the use of water to cool or air to activate parts of the production machinery. However, the Board of Tax Appeals’ decision allows exemption with *425 respect to transportation to the place of production for such water and air (but cf. Saunders Mills, Inc., v. Evatt, Tax Commr., 139 Ohio St., 227, 39 N. E. [2d], 526; Tri-State Asphalt Corp. v. Glander, Tax Commr., 152 Ohio St., 497, 90 N. E. [2d], 366; Jackson Iron & Steel Co. v. Glander, Tax Commr., 154 Ohio St., 369, 96 N. E. [2d], 21; W. E. Anderson & Sons Co. v. Glander, Tax Commr., 154 Ohio St., 561, 97 N. E. [2d], 29; Crowell-Collier Publishing Co. v. Glander, Tax Commr., 155 Ohio St., 511, 99 N. E. [2d], 649; National Tube Co. v. Glander, Tax Commr., 157 Ohio St., 407, 105 N. E. [2d], 648; American Compressed Steel Corp. v. Peck, Tax Commr., 160 Ohio St., 207, 115 N. E. [2d], 153; Powhatan Mining Co. v. Peck, Tax Commr., 160 Ohio St., 389, 116 N. E. [2d], 426; and General Motors Corp. v. Bowers, Tax Commr., 164 Ohio St., 574, 132 N. E. [2d], 213), although not with respect to any transportation (see General Motors v. Bowers, Tax Commr., supra) for the electricity used to light that place of production. Furthermore, it is obvious that an exemption can be recognized with respect to the electric generating equipment as something used ‘£ directly in the production of * * * property * * * by manufacturing” or “processing” only if such equipment is used in such production after it can legally be said that such production by manufacturing or processing has commenced. Thus, if it can be considered as so used (but see especially Jackson Iron & Steel Co. v. Glander, Tax Commr., supra), such generating equipment must necessarily represent something used after a beginning of such production by manufacturing or processing. Both the Tax Commissioner and the Board of Tax Appeals recognized and the taxpayer of course agrees that this generating equipment was so used. Also, the statement of facts herein indicates that the taxpayer “operates a completely integrated plant” and thereby apparently begins production with its generating equipment. Then, why is not the sale or use of something necessarily used between the steps in such production exempt, such as the wires used to carry current from the production of such electric power to the fixtures which light the production area and are admittedly used directly in such production by manufacturing or processing? (See Mead Corp. v. Glander, *426 Tax Commr., 153 Ohio St., 539, 93 N. E. [2d], 19; Powhatan Mining Co. v. Peck, Tax Commr., supra; Dye Coal Co. v. Evatt, Tax Commr., 144 Ohio St., 233, 58 N. E. [2d], 653; and France Co. v. Evatt, Tax Commr., 143 Ohio St., 455, 55 N. E. [2d], 652.) Also, is not fuel used to run the power-producing part of the production by manufacturing or processing used as directly in such production as is compressed air used to run and water used merely to cool other parts of such production? If it is (see Terteling Bros. v. Glander, Tax Commr., 151 Ohio St., 236, 85 N. E. [2d], 379, and France Co. v. Evatt, Tax Commr., supra), how can the Board of Tax Appeals reasonably allow exemption with respect to things which merely provide transportation of such air and of such water to and of such water from the place of production and yet disallow exemption with respect to something which actually processes the fuel into a usable form at the time of its injection into the power-1 producing machinery, and also disallow exemption with respect to the ash receptacles which are a part of and essential to operation of that machinery?
Although I might find a reasonable basis for agreeing with some of the conclusions reached by the Board of Tax Appeals in this decision, such agreement and a reasonable desire for consistency in my conclusions and any recognition of previous decisions of this court would then necessarily require my disagreement with other conclusions reached in the decision of that board. Hence it is my conclusion that that decision is unreasonable and should be reversed, and the cause remanded for further consideration.
Herbert, J., concurs in the foregoing dissenting opinion.