CURRY MATERIALS COMPANY, A Corporation, of Antlers, Oklahoma, Plaintiff in Error,

v.

OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 37704.

Supreme Court of Oklahoma.

Dec. 10, 1957.

Joe Stamper, Antlers, for appellant.

R. F. Barry, W. F. Speakman, Oklahoma City, for appellee.

BLACKBIRD, Justice.

This appeal involves the question of whether or not a certain sale of machinery and equipment, by appellant, is subject to the tax prescribed by the Sales Tax Act, Tit. 68 O.S.1951 § 1251 et seq.

The sale was made to Cobb & Bates Materials Company and thereafter the appellee assessed appellant, the vendor, the sum of $723.80 on said sale. Appellant thereafter paid the tax, but protested it, and sought a refund thereof on the ground that the sale was not taxable under one of the exemptions specified in sub-sec. 1251d of said Act. After a hearing on said protest, appellee issued its order rejecting it and denying the refund therein sought. Appellant thereafter perfected the present appeal from said order.

Sales of the class free from the tax under the exemption, appellant relies upon for reversal, are described in paragraph (q) of the last cited sub-section, as follows:

"Sale of machinery and equipment purchased and used by persons establishing new manufacturing or processing plants in Oklahoma, and machinery and equipment purchased and used by persons in the operation of manufacturing plants already established in Oklahoma; provided, this exemption shall not apply unless such machinery and equipment is incorporated into, and is directly used in, the process of manufacturing property subject to taxation under the Sales Tax Act. The term 'manufacturing plants' shall mean those establishments primarily engaged in manufacturing or processing operations, and generally recognized as such."

According to the stipulation of facts, entered into at the hearing, Cobb & Bates Materials Company, vendee of the machinery and equipment, is engaged in the business of extracting sand, gravel and other assorted materials from earth, and selling them to contractors and others for use in the construction of roads and bridges, and other structures made of masonry or concrete. To accomplish this, the earth is placed in what is called a "washer" where large quantities of water are run through it, washing it, and, by so applying the water, separating the usuable material from other things, such as silt, roots and other vegetable matter. The material which remains, after separation of such unusable matter, is then subjected to several screenings, which screen out, or segregate, from the rest, portions thereof, whose particles are of different sizes. The usable materials thus separated and saved through the screening are called, respectively: "No. 2 Chips", "No. 1 Cover Stone", and "Concrete Aggregate and Sand" and are the identical ones that the Cobb & Bates Company sell for use in construction, as aforesaid. Significantly, said company pays the sales tax, hereinbefore referred to, on all such sales of said materials.

The items of machinery and equipment sold, in the sale here involved, for use in

the above described process, are, by specific, or trade name, as follows:

> "1—Telsmith Washer; 1—Pioneer Conveyor, and Feeder Hopper with power attachment; 3—small belt conveyors with motors; 4-4″ Pumps with 1000 feet of aluminum pipe; 1—Caterpillar power attachment and generator; 1—Screw re-wash; 2—Electric motors; 1—38′ Belt conveyor with motor."

In an effort to have the subject machinery and equipment considered within the hereinbefore quoted sub-section's reference to "* * * machinery and equipment purchased and used by persons establishing *new* manufacturing or processing plants * * *" (emphasis ours) appellant's counsel represents, under his "Proposition Two" (without contradiction by appellee's counsel) that the record herein shows said machinery and equipment is used in a new plant. He then urges that the proviso of said sub-section requiring the machinery and equipment's incorporation "into" and direct use in the manufacturing of property subject to the sales tax, in order for it to be exempt, is inapplicable here. According to this argument, the subject items might be exempt solely on the ground that they were purchased and used "by persons establishing" *a new* manufacturing or *processing* plant.

■ Appellee argues, on the contrary, that it was settled in Tulsa Machinery Co. v. Oklahoma Tax Commission, 208 Okl. 138, 253 P.2d 1067, 1069, that the proviso applies to machinery and equipment purchased and so used for *new* processing plants, as well as to such articles purchased and used "in the operation of manufacturing plants already established * * *". We think appellee's conclusion is not an unreasonable deduction from the cited case; but, whether it is or not, we think the same view of the effect of the proviso must be reached from a careful examination of its wording. It says: "* * * *this exemption* shall not apply unless * * * (etc.)". (Emphasis ours.) The emphasized term,

being singular, refers to the exemption prescribed by the whole paragraph. The only natural, logical and consistent inference therefrom is that it accordingly applies to all kinds of machinery and equipment theretofore mentioned in said exempting paragraph. And, we so hold. It then follows that whether the machinery and equipment is purchased for a "new" plant, or one "already established", it must be "incorporated into, and * * * directly used in, the process of manufacturing property subject to * * *" the sales tax, before its sale is exempt from such tax.

■ It is argued, generally, under appellant's "Proposition One" that all of the items of machinery and equipment, involved herein, are exempt under the above-quoted proviso. Apparently, because of the different parts of our opinion in the Tulsa Machinery Company case, supra, appellant's counsel, in his argument, classifies various items of said machinery and equipment into three separate categories, so as to use the different expressions in that case to better advantage here. However, we think it unnecessary to deal with these "argument-inspired" categorical designations separately, for, as we view the matter, none of the machinery and equipment is exempt for the same all-inclusive reason, i. e., it is not used in "manufacturing" (property subject to sales tax). We recognize that in certain dictum in the Tulsa Manufacturing Company case, supra, we said, obviously considering the crushing of rock, as changing its form, that the business of the vendees of the machinery and equipment, there involved, was "manufacturing", under the definitions of that term applied in the previous case of Cain's Coffee Co. v. City of Muskogee, 171 Okl. 635, 44 P.2d 50. But, in the present case, one of the hereinbefore unmentioned facts of the aforesaid stipulation, was that there "is no crushing and fracturing which takes part * * *" in the Cobb & Bates Company's preparation for sale of the construction material involved. Nor, is there claimed to be any blending of the gravel and sand, or earth conglomerate, with other, or additional,

materials as might reasonably be expected to occur in the preparation of coffee, or spices, for human consumption. Instead of there being any change in the form of the gravel and materials saved from the earth by said company, the only change effected by its processing may be regarded merely as a change in the material's surroundings, or locale. Said company's sales of those materials, admittedly taxed, and subject to taxation, under the Sales Tax Act, are the same materials they originally were, while a part of the earth, ground, and before their extraction by said company. By reliance on the proposition that their form has been changed, appellant tacitly concedes that, in determining whether or not the company is engaged in manufacturing, the "application of labor to an article, whether by hand, or by mechanism, does not make the article necessarily a manufactured article * * *" any more, in this case, than the court said it did in Hartranft v. Wiegmann, 121 U.S. 609, 7 S.Ct. 1240, 1243, 30 L.Ed. 1012, which involved a shell-cleaning process that we think is analogous to the material-cleaning process in which the Cobb & Bates Materials Company is engaged. There, the court, in holding that the shells, upon which the process was performed, were not "manufactured" within the tariff exemption there involved, said:

"Washing and scouring wool does not make the resulting wool a manufacture of wool. Cleaning and ginning cotton does not make the resulting cotton a manufacture of cotton."

There can be no doubt that if the intention of the Legislature (in writing the proviso into the act) was to prevent so-called "double taxation", by forestalling the taxing of things, which go into, and become component parts of, a finished or manufactured article, whose sales are subject to the tax, then the subject machinery and equipment that is never so merged into any taxable finished product, would not be exempt under said proviso.

Nor do we think any of the cases appellant cites from other jurisdictions supports its position. In one of them, Commonwealth, etc. v. W. J. Sparks Co., 222 Ky. 606, 1 S.W.2d 1050, the rock involved was first broken, and then crushed, and its size, as well as its shape, changed. State Board of Equalization v. Argo Oil Corp., 54 Wyo. 512, 94 P.2d 158, involved the question of whether the sale of gas by one oil company to another was exempt "as a 'wholesale sale'" under a sales tax exemption radically different from the one here involved. The issue involved in Dye Coal Co. v. Evatt, 144 O.St. 233, 58 N.E.2d 653, was whether or not certain trucks were used in "mining", as that term appeared in Ohio's General Code, sec. 5546-1.

As we are of the opinion, on the basis of the foregoing, that the machinery and equipment involved herein is not "incorporated into" and "directly used" in "manufacturing" products subject to taxation under the Sales Tax Act, supra, and therefore that its sale is not within the subject exemption from said tax, the order appealed from herein, is hereby sustained.

DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.

CORN, V. C. J., dissents.