CITY OF WAUWATOSA, Respondent, v. STRUDELL, Appellant.

*February 2—March 3, 1959.*

452

For the appellant there was a brief and oral argument by *A. L. Tilton* of Milwaukee.

For the respondent there was a brief by *Milton F. Burmaster,* city attorney, attorney, and *Herbert L. Mount* of Milwaukee of counsel, and oral argument by *Mr. Mount.*

FAIRCHILD, J. Before the city annexed the territory in which Strudell's plant was located, the county zoning ordinance was in force. From the time of annexation until the city placed the territory in a district governed by the city zoning code, the county ordinance continued in effect. Sec. 59.97 (4a), Stats. After June 27, 1957, the city code was applicable to the territory.

Under the county ordinance Strudell's property was in the M–1 commercial and light-manufacturing district and subject to sec. 85.13 of the ordinance. Sub. (1) lists permitted uses. Paragraph (d) reads:

"Any other trade, industry, or use that is not obnoxious or offensive by reason of odor, dust, smoke, gas, or noise, but the following types of uses are prohibited: . . ."

The list of prohibited uses contains 32 items. Item 17 includes "manufacture of; . . . asphalt or products thereof; . . ." Thirty-nine other classes of products are also included in this item.

Under the city code Strudell's property was in an "AA" Light Manufacturing District, subject to sec. 14.13 of the code. Sub. 1 provides:

"In the 'AA' Light Manufacturing Districts buildings and premises except as otherwise provided in this ordinance, may be used for any use permitted in the business districts, except residential or institutional uses, and for any light-manufacturing use except the following: . . ."

The list of exceptions includes 88 items, one of which is "asphalt manufacture or products thereof."

Two questions are presented: (1) Is Strudell engaged in manufacturing an asphalt product? (2) If so, did he obtain any right to do so under the permit issued by the county?

(1) *Manufacture of an asphalt product.* Strudell claims he is merely mixing an aggregate and asphalt, that the mixture loaded into trucks at his plant is not materially different from the result of a mixing operation which could be carried on at the site of road or street construction, and that his operation therefore does not constitute "manufacture."

It is to be noted that this section of the city ordinance generally permits rather than prohibits light manufacturing. It is clear that the city council intended to prohibit the processing of certain materials which might otherwise be permitted as light manufacturing because of some tendency of those materials to exhibit obnoxious properties when processed. While the applicable provision of the county ordinance is drawn somewhat differently, the parties seem to concede, and we agree, that this difference is not material in so far as Mr. Strudell's operations are concerned.

We have examined definitions of "manufacture," and with them in mind, conclude that "manufacture of asphalt products" as used in these ordinances covers the processing of asphalt as performed by Mr. Strudell and the production of the so-called plant mix which he loads into trucks at his plant.

Webster's New International Dictionary (2d ed.), defines the transitive verb, manufacture, as: "1. To make (wares or other products) by hand, by machinery, or by other agency; as, to *manufacture* cloth, nails, glass, etc.; to produce by labor, esp., now, according to an organized plan and with division of labor, and usually with machinery. 2. To work, as raw or partly wrought materials, into suitable

forms for use; as, to *manufacture* wool, iron, etc. 3. To fabricate; to invent; also, to produce mechanically."

The mixing of ingredients of concrete for sale in a plastic state has been held to be manufacture. *Passaic Transit Concrete Co. v. Martin* (1941), 19 N. J. Misc. 369, 19 Atl. (2d) 681, and *Commonwealth v. McCrady-Rodgers Co.* (1934), 316 Pa. 155, 174 Atl. 395.

It is our opinion that the operation of Strudell's plant was prohibited under both the county ordinance and the city code.

(2) *The permit.* Strudell claims that he built his plant at very substantial expense (some $60,000) in reliance upon the permit issued by the county building inspector and thus obtained a vested right to pursue his business at that location.

Ch. 86 of the general ordinances of Milwaukee county creates the position of county building inspector and for the enforcement of the zoning ordinance provides for the issuance of permits and requires that a permit be obtained before commencing a structure. Upon proper application, and if the use disclosed complies with the ordinance and rules, the permit must be granted. It is provided that: ". . . in no event shall the granting of a permit relieve the owner or agent from the requirements of the zoning ordinance." Thus the issuance of a permit is a condition precedent to construction for a lawful use, but the issuance of a permit does not authorize a use which is in violation of the ordinance. As a matter of law the permit issued to Mr. Strudell could not and did not make legal the operation of his asphalt-mixing plant in the M-1 district.

The officer who issued the permit pointed out upon the trial that a substantial part of Strudell's mixing plant is so constructed that it can be mounted on wheels and moved. The officer testified that there was conversation when the permit was applied for to the effect that Mr.

Strudell contemplated only temporary operation in that location. The officer seems to have been under the impression that the proposed temporary use was permitted under sec. 85.17 (1) (a) of the county ordinance providing:

"The following uses shall be permitted in any district provided that such uses do not alter the character of the premises in respect to their use for the purpose permitted in such respective district: . . .
"2. Temporary buildings and uses for construction purposes for a period not to exceed one (1) year."

There was no notation on the permit at the time it was issued which indicated that it was issued on the theory that only a temporary use could be permitted. It is conceded, however, that on March 22, 1956, the officer wrote to Mr. Strudell in part as follows:

"On March 9, 1956, Milwaukee county zoning permit No. 45330 was issued to you for permission to locate a mobile asphalt mixing plant on a temporary basis on a parcel of land situated in the town of Wauwatosa. . . .
"Because this mixing plant was based on mobile equipment and of a temporary nature, the permit was issued. In the original plans for the westerly extension of the Milwaukee county expressway, such right of way was proposed to follow a route along the north side of the Milwaukee Road right of way. However, in recent studies it appears that such right of way will be moved to the south side of the Milwaukee Road tracks, . . . which means that the tract of land upon which this temporary mixing plant is located would be involved when such expressway is constructed in this neighborhood."

The trial court made a finding that Mr. Strudell had been informed of the temporary character of his permit at the time it was issued. Although there was conflicting testi-

mony on that point, there was sufficient evidence to sustain the finding.

Thus we reach the conclusions: (1) That because the plant was operated in the manufacture of asphalt products, the use was not permitted under either the county or city ordinance and, (2) that even if some doctrine of estoppel or equity could prevent enforcement of a zoning ordinance against one who had invested money in reliance upon an unauthorized permit, Mr. Strudell was adequately informed that the permit was temporary before he invested his money.

*By the Court.*—Judgment affirmed.