Per Curiam.

Inasmuch as the provisions of the Sales and Use Tax Acts are the- same, we will discuss this matter in relation to the Sales Tax Act.
This cause presents to us the problem of applying the Sales Tax Act to a particular set of facts. In this, the primary determination must necessarily rest with the taxing authorities, whereas our function is to determine whether the Board of Tax Appeals properly applied the statute and rules laid down by this court to the given factual situation. As was said in White *165 Castle System, Inc., v. Bowers, Tax Commr., 172 Ohio St., 141, “it is not the function of this court to substitute its judgment for that of the Board of Tax Appeals on such factual issues but only to determine from an examination of the record whether the decision of the board is unreasonable or unlawful.”
The board in its opinion categorized the material subject to taxation as used or consumed in constructing, remodeling, repairing and maintaining areas used for office space, rest rooms, lockers, a lobby, commercial air conditioning; a lunchroom, equipment storage, a driveway, classroom purposes and yard lights. An examination of the record shows that much of the material involved was used primarily for the commercial operation of the business, that is, for the billing of customers, the accepting of payments and the ordering of new telephone installations. The rest of the material subject to taxation was used in constructing and equiping rest rooms, quiet rooms for operators and lunchrooms for the convenience of the employees.
The exception extended public utilities from the sales tax is found in Section 5739.01 (E) (2), Revised Code, the pertinent portion of which reads as follows:
“(E) ‘Retail sale’ and ‘sales at retail’ include all sales except those in which the purpose of the consumer is:
it * * #
“(2) * * * to use or consume the thing transferred * * * directly in the rendition of a public-utility service # #
The general rule as to the exception of property used in •business from the sales tax is that such property, in order to be entitled to such exception, must be indispensable to and directly connected with the actual manufacturing or processing of the particular article to be sold. Jackson Iron & Steel Co. v. Glander, Tax Commr., 154 Ohio St., 369, 373; General Motors Corp. v. Bowers, Tax Commr., 169 Ohio St., 361, 364.
However, the appellant urges that, under the cases of Athens Home Telephone Co. v. Peck, Tax Commr., 158 Ohio St., 557, and Erie Rd. Co. v. Peck, Tax Commr., 160 Ohio St., 322, the rule applicable to one engaged in rendering a public utility service is different from that applicable to one producing tangible personal property for sale, and that under those cases the above-mentioned property was entitled to be excepted from *166 taxation. Appellant in making this contention relies on the following language in the Athens case, supra:
“The instant cases do not involve the production of property. Instead it is the rendition of service.
“Is this difference in the General Assembly’s language important? This court is of the opinion that the contrast is significant and may not be disregarded. It seems unnecessary to labor the point that ‘production of property’ and ‘rendition of service’ are not synonymous terms.
“But it is urged that in 1935 the word ‘directly’ was inserted in both provisions by amendment and must be considered. This, of course, is true. However, it does not follow that the common use of this one word renders the remainder of the two terms synonymous. Illustrative of this is the obvious fact that production ordinarily may be pursued part of each day, week or year. In contrast, the rendition of service by these appellants must be continuous 24 hours a day, seven days a week and 52 weeks a year. It does not consist solely of furnishing poles, wires, switchboards and other equipment. A substantial part of the rendition of the service is keeping the entire system in continuous operation. This requires the immediate and direct use of the concededly indispensable automotive facilities here involved.”
Basically, although appellant avoids the term, it is urging that so far as public utilities are concerned Ohio has adopted the integrated-plant theory. In relation to the production of property, this theory has been rejected in Ohio. The syllabus of Youngstown Building Material & Fuel Co. v. Bowers, Tax Commr., 167 Ohio St., 363, reads as follows:
“In determining whether tangible personal property is used or consumed directly in the production of tangible personal property for sale by manufacturing or processing, and, therefore, whether its sale or use is excepted from taxation under the provisions of subdivision (E) (2) of Section 5739.01, or subdivision (C) (2) of Section 5741.01, Revised Code, the test is not whether such property is essential to the operation of an ‘integrated plant,’ the test to be applied being, when does the actual manufacturing or processing activity begin aud *167 end, and is the property used or consumed during and in the manufacturing or processing period.”
The argument of the appellant in the instant case is based upon a misinterpretation of the import of the Athens and Erie cases, supra. Although it is true that those eases recognize a difference between the rendering of a public utility service and the production of property in relation to what might be considered use directly in the process, neither case purports to adopt the integrated-plant theory or in any way to divert from the basic test as to what may be excepted from the sales tax. It requires only an examination of appellant’s own quotation from the Athens case to establish this fact. In that case it is said: “This requires the immediate and direct use of the coneededly indispensable automative facilities here involved.” There the court found not only a direct use but an indispensable use. In other words, the usual basic test was applied.
It is obvious that the nature of the business must be considered in determining what is excepted from the sales tax under the statute, and in determining what is used directly in rendering a public utility service requires a different criterion from that used in the ordinary manufacturing business.
Neither the fact that certain things are required by law nor the fact that they may be essential to the operation of the business changes the basic test. As Judge Matthias said in United States Steel Corp. v. Bowers, Tax Commr., 170 Ohio St., 558, 563, “there are many things essential to the operation of an industry whose sale or purchase is not excepted from the tax because they are not used or consumed in the manufacturing process, and the fact that such things are required by law or, as in this case, by the regulation of a carrier does not except their sale or use from the tax unless it can also be found that they are used or consumed directly in the manufacturing or processing.”
Public utilities are subject to the same test and rules as any other business in this respect. The property sought to be excepted must be used directly in and as an indispensable part of rendering such service before it is entitled to such exception, albeit, property that is essential in keeping the *168 actual service in operation is entitled to be excepted from the sales tax. However, those items which, while essential for the operation of the business as a whole but not the actual service rendered, are not entitled to be excepted from the tax.
The question which must be determined in each case is whether the property is used directly in and as an indispensable part of keeping the actual public utility service in operation. See A. J. Weigand, Inc., v. Bowers, Tax Commr., 171 Ohio St., 78.
A consideration of the material here in issue shows that it related primarily to the commercial aspect of such business, i. e., the billing, the collection of bills, the ordering of service and the providing of employees’ facilities, all of which were essential to the operation of the business as a whole but none of which were a part of the rendering of the actual service.
The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bell and Radcliee, JJ., concur.
Taet and O’Neill, JJ., dissent.
Radclief, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.