RUSSELL K. BUCKLEY
*vs.*
NORTHEASTERN PAVING CORP.

Androscoggin.   Opinion, July 20, 1965.

*Frederick G. Taintor,*
*Charles H. Abbott,* for Plaintiff.

*Robert D. Schwarz,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, MARDEN, RUDMAN, JJ.   SULLIVAN, J., did not sit.

MARDEN, J.   On report, to determine the taxability of certain machinery owned by defendant, which machinery was situated at Leeds, Maine, on April 1, 1962 and upon

which the Town of Leeds assessed a personal property tax.

The defendant is a Maine corporation located at Westbrook engaged in the surfacing of highways. Among its items of equipment is a unit of machinery for the preparation of a "mix" commonly known as "hot top" and more technically as bituminous concrete. The "mix" is prepared according to specifications for the particular demand, the measure of the components being determined either by volume or weight, and in simple terms consists of the mixing under heat of the aggregate (rock, stone or sand) with bitumen or asphalt resulting in a cohesive plastic mass transported from the mixing plant to the highway and there spread and rolled to create a traffic bearing surface. This machinery is mobile, may be moved from location to location as access to the raw material, or delivery of the "mix" to job site, require. When on location the wheels to the unit are removed to achieve a firm bearing, and to minimize vibration under power.

The applicable statute (Section 8, Chapter 91-A, R. S., 1954) provided that:

> "All personal property within * * * the state, except in cases enumerated in the following section, shall be taxed (on the first day of each April) to the owner in the place where he resides."

The exceptions referred to in Section 8 appeared in Section 9, Chapter 91A, R. S., 1954, which provided that:

> "The excepted cases referred to in the preceding section are the following:
> * * * * * * * * *
> "XI. The personal property of manufacturing, * * * corporations, * * * shall be taxed to the corporation * * * in the place where situated, * * * ."

The issue is whether the defendant is a manufacturing corporation within the meaning of the reference statute.

It is conceded that the term "manufacturing" has varied judicial interpretations, as reflected by its use under zoning

ordinances, taxing statutes, the Bankruptcy Act and administrative law. See 55 C. J. S., Manufacturers, § 3 a.

In general "in order to constitute manufacturing, the original material must undergo a transformation so that a new and different article or product emerges; but what constitutes a new and different article is a question which has caused considerable difficulty in the courts." 55 C. J. S., *supra*, § 3 d. (1).

Both parties urge to us the importance of *Leeds* v. *Maine Crushed Rock and Gravel Company*, 127 Me. 51, 141 A. 73 wherein the taxability of a machine for crushing rock was put in issue by the Town of Leeds under the then statute, which permitted taxation upon "machinery employed in any branch of manufacture" (Section 14, III, Chapter 10, R. S., 1916). The court there held that a machine for the crushing of rock, the changing of large rocks or pieces of rock to smaller rocks or pieces of rock did not fall within the taxable category, and said (p. 56):

> "The meaning of the word 'manufacture' has been before the courts in various applications including provisions of statutes for taxation. This line of distinction has been drawn which we think to be correct. Application of labor to an article either by hand or mechanism does not make the article necessarily a manufactured article. To make an article manufactured, the application of the labor must result in a new and different article with a distinctive name, character or use."
>
> \* \* \* \* \* \* \* \* \*

But continued:

> "Had \* \* \* an article \* \* been created by its labor or the addition of other substances producing an article having a different character and use, a very different question would be presented."

The dictum last quoted substantially controls the present case.

It is elemental that to manufacture is to make, create, produce by hand or machinery. Webster's Third New International Dictionary. One witness for the defendant states that "(t)he machine simply mixes aggregate and asphalt in measured amounts, *to produce* (emphasis added) the material that is used to pave roads." The other witness for the defendant states that "(i)t (the machine *produces* (emphasis added) bituminous mixtures."

The crushed rock, stone or sand, by itself, or the asphalt, as here used, by itself, is not "hot top" or bituminous concrete. Neither component, as here used, by itself, would constitute a traffic bearing surface with the characteristics of bituminous concrete. Blending the two materials in specified proportions under controlled heat produces a compound having a different name, character and use, than either of the two materials separately. The resulting substance for paving is a product of manufacture and the owner is a manufacturer within the meaning of the reference statute.

For tax cases reiterating this definition of manufacture see: *Comptroller of the Treasury of Maryland* v. *American Can Co.*, 117 A. (2nd) 559, 561 (Md. 1955); *East Texas Motor Freight Lines, Inc., et al.* v. *Frozen Food Express, et al.*, 76 S. Ct. 574, [2] 577 (1956).

For tax cases dealing with an activity such as we have here, see *State Tax Commission et al.* v. *Baltimore Asphalt Block & Tile Co.*, 26 A. (2nd) 371, [1] 373 (Md. Ct. of Appeals 1942 — tax on batching plant for asphalt paving mixture); *Commonwealth* v. *McCrady-Rodgers Co.*, 174 A. 395, [6, 7] 396 (Pa. 1934 — tax on capital employed in production of "ready mixed concrete"); *Commonwealth* v. *Filbert Paving & Construction Co.*, 78 A. 104, 105 (Pa. 1910 — tax on capital employed in production of asphalt pavements, etc.); *People ex rel Fruin Bambrick Pav. Co.* v. *Knight*, 90 N. Y. S. 537 (Sup. Ct., App. Div. 1904 — corporation tax

exemption on capital employed in manufacturing applied to production of asphalt paving material).

See also *City of Wauwatosa* v. *Strudell*, 95 N. W. (2nd) 257, [1] 260 (Wis. 1959) and *Appeal of Mignatti, et al.*, 168 A. (2nd) 567 (Pa. 1961) holding that production of bituminous concrete was manufacturing within zoning laws.

The subject machinery owned by defendant and situated in Leeds on April 1, 1962 was taxable.

*So Ordered.*