**AUXIER–SCOTT SUPPLY COMPANY,**
a corporation, Appellant,

v.

**OKLAHOMA TAX COMMISSION,**
Appellee.

No. 46555.

Supreme Court of Oklahoma.

Oct. 1, 1974.

William D. Curlee, Lytle, Soule & Emery, Oklahoma City, for appellant.

Albert D. Lynn, E. J. Armstrong, Lester D. Hoyt, Oklahoma Tax Commission, Oklahoma City, for appellee.

LAVENDER, Justice:

Auxier-Scott Supply Company, as plaintiff and herein referred to as "seller," brought suit to recover sales tax assessed by the defendant, Oklahoma Tax Commission, herein referred to as "tax commission."

The plaintiff company sold to third party purchaser truck mounted ready-mix con-

crete mixers and related accessories. The purchasers of the machinery were engaged in the manufacturing and sale of ready-mix concrete in Oklahoma. That product sold by them was subject to sales tax. The defendant tax commission assessed the sale of the ready-mix mixers as to both state and city sales tax. The seller paid the sales tax under protest and brought suit against the tax commission to recover the tax so paid. Both parties filed a motion for judgment on the pleadings in the court below. That court sustained the motion of the tax commission and entered judgment accordingly, while denying the motion of the plaintiff seller. No factual dispute is presented by either party on this appeal.

The sole issue in the court below and here is whether the sale of the truck mounted ready-mix mixers was a sale excepted under 68 O.S.1971 § 1305(p) and the comparable city sales tax ordinance. The taxation of the trucks was separate and not involved. The statutory exemption [1] provides:

"There is hereby specifically exempted from the tax levied by this Article the gross receipts or gross proceeds derived from the:

(p) Sale of machinery and equipment purchased and used by persons establishing new manufacturing or processing plants in Oklahoma and machinery and equipment purchased and used by persons in the operation of manufacturing plants already established in Oklahoma; provided, this exemption shall not apply unless such machinery and equipment is incorporated into, and directly used in, the process of manufacturing property subject to taxation under this Article. The term "manufacturing plants" shall mean those establishments primarily engaged in manufacturing or processing operations, and generally recognized as such."

This exemption applies to sale of machinery purchased and used in both (1) establishing new manufacturing plants in Oklahoma and (2) manufacturing plants already established in Oklahoma. It applies to all manufacturing or processing plants in Oklahoma, both old and new.

By the seller's petition and its exhibits these facts are determined:

The various ingredients are measured and separately loaded into the truck-mounted mixers. No combination of the component materials (water, cement, sand, gravel, rock, air-entraining agent, etc.) has occurred prior to the time they are inside the mixer. The combination of these raw materials and the chemical reactions which transfer them into concrete take place inside the mixer.

The seller argues under these facts and Curry Materials Company v. Oklahoma Tax Com'n, Okl., 319 P.2d 292 (1957) the mixers here sold were incorporated into and directly used in the process of manufacturing ready-mix concrete. A property subject to taxation under the sales tax article. We agree.

The Curry Materials case, supra, held machinery there sold was not used in a manufacturing process but rather for sorting and screening. The opinion cites Cain's Coffee Co. v. City of Muskogee, 171 Okl. 635, 44 P.2d 50 (1935) and Tulsa Machinery Co. v. Oklahoma Tax Commission, 208 Okl. 138, 253 P.2d 1067 (1953) and then said:

"But, in the present case * * * there 'is no crushing and fracturing which takes part * * *' in the Cobb & Bates Company's (the buyer of the machinery) preparation for sale of the construction material involved. Nor, is there claimed to be any blending of the gravel and sand, or earth conglomerate, with other, or additional, materials as might reasonably be expected to occur in the preparation of coffee, or spices, for human consumption. Instead of there being any change in the form of the gravel and material saved from the earth

---

by said company, the only change effected by its processing may be regarded merely as a change in the material's surroundings, or locale. * * * Said company's sales of those materials * * * are the same materials they originally were, while a part of the earth, ground and before their extraction by said company." (Explanation added)

If one places the facts of the Curry case, supra, into juxtaposition with the facts in the case at bar, then the Curry opinion requires this court to hold the ready-mix mixers here sold were directly used in the manufacturing process.

The exemption allowed in sub-paragraph (p) of § 1305 [2] is from the sale of machinery and equipment used in establishing or in operating manufacturing plants. That same sub-paragraph defines the term "manufacturing plants" as "those establishments primarily engaged in manufacturing or processing operations and generally recognized as such."

This court in Continental Baking Co. v. Campbell, 176 Okl. 218, 55 P.2d 114, 116 (1936) defined "a mercantile establishment." It discussed the definition of the word "establishment" in that opinion and said:

"Thus from all of the definitions, the word 'establishment' means an institution, place, building, or location. Its meaning, of course, may vary and does vary with the use of the word.

*     *     *     *     *     *

"Thus while the word 'establishment' may mean almost any kind or character of institution, location, building, or place, * * *."

Black's Law Dictionary, Fourth Edition, p. 643, cites the Continental Baking Co. case, supra, as one of its authorities for this definition of "Establishment":

"Institution, place where conducted and equipment; industrial plant and appurtenances; place of business and fixtures."

The Massachusetts case of Wakefield Ready-Mixed Con. Co. v. State Tax Com'n, 356 Mass. 8, 247 N.E.2d 869 (1969) was concerned with the same basic issues. The defendant tax commission in the case at bar would distinguish the case because of variance in the conditions for exemptions from the sale taxes in the two state statutes. Any such distinguishing feature is not involved in the discussion as follows:

"We have no doubt that the process carried on in the mixer trucks between one of Wakefield's batching plants and a jobsite is manufacturing. It is an essential part of mixing the concrete and keeping it in a fluid state. The manufacturing process continues until the concrete leaves the mobile mixer." [3]

*     *     *     *     *     *

"We think also that each mixer truck constituted, considered either separately or in connection with the batching plant, an industrial plant. [4]

*     *     *     *     *     *

2. 68 O.S.1971 § 1305 provides for specifically exempted sales from the tax levied by the Sales Tax Code.

3. Cites authorities as: Buckley v. Northeastern Paving Corp., 161 Me. 330, 211 A.2d 889; Passaic Transit Concrete Co. v. Martin State Tax Com'r, 19 A.2d 681, 19 N.J.Misc. 369; Commonwealth v. McCrady-Rodgers Co., 316 Pa. 155, 174 A. 395. Cf. Markey v. Danville Warehouse & Lumber, Inc., 119 Cal.App.2d 1, 259 P.2d 19 (zoning); Wauwatosa v. Strudell, 6 Wis.2d 450, 95 N.W.2d 257 (zoning).

4. Cites authorities as: Plew v. James Horrabin & Co., 176 Iowa 584, 157 N.W. 453;

Casey v. Barber Asphalt Paving Co., 202 F. 1, 4–6 (9th Cir.); Continental Pub. Works Co. v. Stein, 232 F. 559, 562 (2d Cir.); Lilley v. Eberhardt, 37 S.W.2d 599, 600–601 (Mo.); North Side Laundry Co. v. Allegheny County Bd. of Property Assessment, 366 Pa. 636, 79 A.2d 419, App. dismissed 342 U.S. 803, 72 S.Ct. 46, 96 L.Ed. 608. Cf. Tri-State Asphalt Corp. v. Glander, 152 Ohio St. 497, 90 N.E.2d 366 (bucket cranes engaged merely in transportation); W. E. Anderson & Sons Co. v. Glander, 154 Ohio St. 561, 97 N.E.2d 29 (where concrete mixer unit was purchased separately from truck chassis, the chassis was held subject to sales and use tax as essentially a transportation instrumentality.)

"It is hard to see how the concrete could be mixed and kept fluid, if it were not for the essential operation in the mixer truck unit."

 The word "establishment" may mean almost any kind or character of location or place. It includes place where conducted and equipment; an industrial plant and appurtenances.[5] Each mixer truck constitutes, considered either separately or in connection with the batching plant, an establishment primarily engaged in manufacturing or processing operations. In the context of manufacturing process required to produce ready-mix concrete the mobile mixer would be generally recognized as such.

The manufacturing or processing operation of ready-mix concrete continues in the mobile ready-mix concrete mixer until delivery to the job-site. It is the truck which gives this part of the manufacturing process mobility and involved in transportation of the product and not the mixer machinery.

 We hold the sale of ready-mix concrete mixers and necessary accessories to be mounted on trucks for mobility and transportation is included in the exclusion not subject to sales tax.

The judgment of the court below is reversed with instructions the motion of judgment on the pleadings of the plaintiff be sustained and judgment entered for plaintiff allowing recovery of the tax paid under protest and any other relief the plaintiff would be entitled to under this decision.

Reversed with instructions.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES, SIMMS, and DOOLIN; JJ., concur.

BARNES, J., dissents.

---

**5.** Here used in the sense of a subordinate part, adjunct, or accessory. Webster's Third New International Dictionary, p. 107.