### IN RE APPEAL OF KOSS CONSTRUCTION COMPANY.

No. 41289.

MARCH 15, 1932.

George P. Comfort, Chauncey A. Weaver, and C. R. S. Anderson, for appellant.

Stipp, Perry, Bannister & Starzinger, for appellee.

FAVILLE, J.—The cause is submitted upon a stipulation of facts, the material portion of which is as follows:

"The Koss Construction Company is a corporation organized under the laws of the State of Iowa, having its principal place of business in the City of Des Moines thereof, and is engaged in the business of constructing pavements and selling the same to the State of Iowa, and various municipalities in said State; that in the conduct of its business, said Company constructs concrete paving by combining in accurately determined proportions, reinforcing steel, crushed rock or gravel, sand, cement and water, by the use of machinery built for and appropriate to that purpose, and by said process, produces concrete which said Company then transfers to the highway of the State or street of the municipality, where the same is treated with calcium chloride or other materials and by process of chemical reaction, becomes hardened into finished pavement.

"That in the construction of asphalt pavement, said Company constructs the concrete foundation in the same manner as hereinbefore described and by the use of its large asphalt plant, heats asphalt, graded sands and fluxing oil to certain accurately regulated temperatures, and by the use of large heated revolving drums, combines the same into plastic product, which is placed hot, on such concrete foundation on the streets or highways where it is properly rolled until it becomes a finished asphalt pavement.

"That the machinery used for the foregoing processes is portable, and is transported to the various localities where the paving is being constructed."

Code section 6975 is as follows:

"Any person, firm, or corporation who purchases, receives, or holds personal property of any description for the purpose of adding to the value thereof by any process of manufacturing, refining, purifying, combining of different materials, or by the packing of meats, with a view to selling the same for gain or profit, shall be deemed a manufacturer for the purposes of this title, and shall list such property for taxation."

It is further provided by the stipulation:

"It is further stipulated between the parties, that the only

point in dispute is whether Koss Construction Company is a manufacturer as defined in Section 6975 of the Code of Iowa, 1927, so as to entitle its capital stock to be exempt from taxation as provided by sub-division 20 of section 6944, Code of Iowa, 1927.''

Our inquiry is narrowed to the one question presented in the stipulation: namely, is the appellee a manufacturer under the statute in carrying on the business of paving highways in the manner described in the stipulation?

The courts have construed the word "manufacturer" under a variety of statutes, and under very divergent fact conditions. We have considered it in at least three cases. In Appeal of the Iowa Pipe & Tile Co., 101 Iowa 170, we held that a corporation that made sewer pipe and drain tile and sold the finished product to customers generally was a manufacturer within the provisions of this statute. In Bennett v. Finkbine Lbr. Co., 199 Iowa 1085, we held that a corporation owning large tracts of timber lands from which it cut the timber and manufactured it into a finished product was "a manufacturer." In Iowa Limestone Co. v. Cook, 211 Iowa 534, we held that a corporation which took stone from the quarry and simply broke it into smaller pieces was not a manufacturer within the meaning of the tax statute.

It is obvious that our former decisions are not controlling in the case at bar.

In this case the business of the appellee is the construction of permanent pavements. It is apparent from the stipulation that the appellee does not make a product and sell it to some other party who in turn uses it to make a pavement. It not only "combines" the several ingredients, but it uses this combination itself in making the finished product which becomes a permanent part of the realty. It furnishes all the material, and. does all the work of laying permanent paving.

We think it is apparent that in the enactment of the statute in question the legislature intended to describe a manufacturer as one dealing with personal property.

The statute came into its present form from the Code of 1897, where the whole subject was dealt with in one section (1319). The preceding section (1318) of said Code dealt with the taxation of merchants. It is quite apparent that in both

sections the legislature was dealing with personal property. When section 6975 of the present Code was adopted the legislative intent was to deal with personal property. The statute was not intended to apply to builders, or those who construct permanent improvements which become a part of the real estate. The legislative intent must be our guiding star in this matter.

In Code section 6971 the legislature defined a merchant. In section 6975 it likewise defined a manufacturer. In defining a manufacturer it specifically provided (Code, section 6977) that machinery in a manufacturing establishment should be regarded as real estate. It was not dealing with one who "manufactures" real estate.

We think the legislative intent was to exempt from taxation manufacturers who are engaged in manufacturing personal property for sale, and not builders or "constructors" who are engaged in erecting permanent structures, such as paving, which become a permanent part of the real estate.

We are not unmindful of the fact that the Supreme Court of the United States, in Friday v. Hall & Kaul Co., 216 U. S. 449 (54 L. Ed. 562), and a number of Federal Courts, have held that a corporation engaged in such work is a manufacturer *within the meaning of the Bankruptcy Act*. There are Federal decisions to the contrary, however. The Bankruptcy Act is liberally construed, while the universal rule is that taxation statutes are strictly construed.

The Supreme Court of Pennsylvania, in Commonwealth v. Wark Co., 301 Pa. 150 (151 Atl. 786), construed the words "manufacturing corporation" under a taxation statute. In that case the corporation was engaged in the business of constructing and erecting buildings on contract. The question was whether the building of houses was "manufacturing" within the purview of a taxation statute. The court held the clause "manufacture of buildings" was an anomaly, and that "neither custom, common sense, nor necessity requires or authorizes" the application of the term "manufacturer" to such a business.

So in the case at bar, the appellee is engaged in the business of building permanent pavement. It is a builder, not a manufacturer, any more than the builder of a house is a manufacturer. Suppose that the appellee, by the same process that it constructs pavement, built cement buildings permanently attached to real

estate (as is often done), could it be successfully maintained that it was "a manufacturer" of such buildings, and hence exempt under a strictly construed taxation statute? We think not.

That a corporation engaged in a business similar to that of the appellee is not a manufacturer within the meaning of a taxation statute, see, also, People ex rel. Post & McCord v. Cantor, 178 N. Y. S. 579; People ex rel. Turner Const. Co. v. Cantor, 186 N. Y. S. 890; 38 C. J. 981.

Furthermore, it is stipulated:

"That Section 1 of Article II of the amended and substituted articles of incorporation of Koss Construction Company, provide as follows:

" 'The general nature of the business of this corporation shall be to conduct a general contracting business, to make and perform contracts for the construction of every kind of structure, to plan and carry out engineering enterprises of every kind in all parts of the World; to manufacture, prepare, buy, sell and deal in, at wholesale or retail, every kind of construction material, and to buy, sell and deal in every kind of merchandise at wholesale or retail.' "

The appellee made no attempt in adopting its articles of incorporation to become "a manufacturer" of permanent paving. To manufacture "construction material" is quite a different thing than making and laying permanent paving.

We reach the conclusion that under the taxation statute the appellee was *not* a manufacturer, under the stipulated facts of this case.

The order of the district court is reversed.

WAGNER, C. J., and STEVENS, DE GRAFF, ALBERT, EVANS, MORLING, and GRIMM, JJ., concur.