Associated General Contractors of Iowa, plaintiff, v. State Tax Commission (members), defendant-appellee; Kaser Construction Company, intervenor-appellant.

No. 50898.

(Reported in 123 N.W.2d 922)

October 15, 1963.

Ross H. Sidney and Thomas W. Carpenter of Austin, Grefe & Sidney, of Des Moines, for intervenor-appellant.

Evan L. Hultman, Attorney General, George W. Murray, John M. Stull and Jerry L. Jones, all of Des Moines, for defendant-appellee.

THORNTON, J.—The trial court held the sales tax assessment, as redetermined, is valid and intervenor is liable for the tax in the sum of $47,121.67, with interest from the date of the decree.

The assessment was based on the theory the activities of intervenor in preparing asphaltic concrete for use and using the same in fulfilling paving contracts makes such a retail sale as the same is defined in section 422.42(11), Code of Iowa, 1958. (This subsection was enacted in 1949 by the Fifty-third General Assembly as part of House File 237 and is the same in subsequent Codes.)

Intervenor is a construction contractor. It builds roads, both with and without hard paving surface. In the course of constructing an asphalt paved roadway it mixes for use in the performance of the work to become a permanent part of the roadway, crushed rock, graded sand or gravel with fluxing oil or other similar materials and heats such combination to regulated temperatures. This asphaltic mix is combined, made or manufactured by portable machines at the job site and while hot is placed on the roadbed where it is properly rolled until it becomes a finished pavement known as asphaltic concrete.

It is the mixing of asphaltic concrete to the point in the process of laying permanent pavement where it is ready to be applied to the roadway that is asserted as the basis for the assessment and bringing intervenor within section 422.42(11).

Subsection 11 of section 422.42 is as follows:

"The use within this state of tangible personal property by the manufacturer thereof, as building materials, supplies or equipment, in the performance of construction contracts or for any other purpose except for resale or processing, shall, for the purpose of this division, be construed as a sale at retail thereof by the manufacturer who shall be deemed to be the consumer of such tangible personal property. The tax shall be computed upon the cost to him of the fabrication or production thereof."

Intervenor contends, that it is not a manufacturer when that term is given its plain ordinary meaning, that the definition of manufacturer as contained in section 428.20, Code of Iowa, 1958, (substantially the same since the Code of 1851) as construed in In re Appeal of Koss Construction Co., 214 Iowa 125,

241 N.W. 495, is controlling, the legislative history of section 422.42(11) is contrary to the trial court's holding, the statute is a taxing statute and should be construed strictly against the taxing authority and in favor of the taxpayer, and "tax estoppel" should be applied against the tax commission.

The decision of all matters urged except the "tax estoppel" argument rests on the definition of the word "manufacturer" as such term is used in section 422.42(11).

Section 428.20 defines manufacturer "for the purposes of this title." Both sections 428.20 and 422.42(11) are in Title XVI, Taxation.

Section 428.20 is as follows:

"Any person, firm, or corporation who purchases, receives, or holds personal property of any description for the purpose of adding to the value thereof by any process of manufacturing, refining, purifying, combining of different materials, or by the packing of meats, with a view to selling the same for gain or profit, shall be deemed a manufacturer for the purposes of this title, and shall list such property for taxation."

In the Koss Construction Company case, 214 Iowa 125, 241 N.W. 495, we held the construction company doing the same identical work intervenor does here was not a manufacturer within the meaning of section 428.20. The Koss case dealt with the total activity of the taxpayer, that of laying permanent pavement. We said, at page 128 of 214 Iowa, page 497 of 241 N.W.:

"We think the legislative intent was to exempt from taxation manufacturers who are engaged in manufacturing personal property for sale, and not builders or 'constructors' who are engaged in erecting permanent structures, such as paving, which become a permanent part of the real estate."

Defendant tax commission concedes intervenor is not a manufacturer if its total activity, laying permanent pavement, is considered. Its contention is the intervenor is the manufacturer or maker of the asphaltic concrete in its plastic state. This is used as building material by intervenor in the performance of construction contracts.

Such mixing of the ingredients of asphaltic concrete for sale

in a plastic state has been held to be manufacture. City of Wauwatosa v. Strudell, 6 Wis.2d 450, 95 N.W.2d 257, 259, 260. The making and sale of ready mixed concrete has been held to be manufacture. Passaic Transit Concrete Co. v. Martin, 19 N. J. Misc. 369, 19 A.2d 681; and Commonwealth v. McCrady-Rodgers Co., 316 Pa. 155, 174 A. 395. See also Clarion Ready Mixed Concrete Co. v. Iowa State Tax Commission, 252 Iowa 500, 107 N.W.2d 553.

The tax commission's position is that in section 422.42(11) the legislature used "manufacturer" in a sense different from that used in section 428.20, in the sense of one who performs construction contracts making an article for use in performance of such contracts.

We need only to turn to the dictionary definitions of "manufacturer" to see it may be used as contended by each party.

In Webster's Third New International Dictionary "manufacturer" is defined as "one who changes the form of a commodity or who creates a new commodity." The word "manufacture" is derived from the Latin words, "manu", meaning hand, and "facere", to make. Literally it means to make by hand. As a noun, "manufacture" is defined, in part, as, "The act or process of making, inventing, devising, * * *"; as a verb, "to make (as raw material) into a product suitable for use." Synonyms are, make, fabricate. See also 55 C. J. S., Manufactures, page 672, section 1b, page 690, section 4b.

There is no question that intervenor's mixing of rock, sand or gravel with fluxing oils and heating the mixture to regulated temperatures creates a new commodity. We think the question here is whether the use of "manufacturer" in section 422.42(11) is reasonably susceptible to the meaning ascribed to it by intervenor. If it is, the statute is ambiguous and must be construed strictly against the taxing authority. To be subject to the tax intervenor must come clearly within the terms of the statute.

In Morrison-Knudsen Co. v. State Tax Commission, 242 Iowa 33, 36, 44 N.W.2d 449, 451, 41 A. L. R.2d 523, and Iowa Mutual Tornado Insurance Assn. v. Fischer, 245 Iowa 951, 955,

65 N.W.2d 162, 165, we said, "It must appear from the language of the statute the tax assessed was clearly intended."

■ This is also applicable to definitions bringing the taxpayer within the application of the statute imposing the tax. Phillips Petroleum Co. v. Nelson, 232 Iowa 246, 249, 250, 5 N.W. 2d 1. Here section 422.43 imposes the tax upon the gross receipts of all sales of tangible personal property consisting of goods, wares and merchandise sold at retail in the state to consumers or users. Section 422.42(11) defines as a sale at retail a use of tangible personal property by the manufacturer thereof in the performance of construction contracts and provides the manufacturer shall be deemed the consumer. It is apparent if the taxpayer is denied the benefit of strict construction of the definition he is denied the benefit of the rule.

Intervenor's position is that the word "manufacturer" as used in section 422.42(11) leads to this result, the statute is limited to those whose principal business is manufacturing but use tangible personal property manufactured by them in performing a construction contract. The tax commission's position is that the statute relates to all who perform construction contracts and use tangible personal property made or manufactured by them in performing such contracts. If intervenor's position is a reasonable one, i.e., it is not clearly excluded by the language of the statute, it does not come within the statute.

Section 4.1(2) requires us to construe words and phrases according to the context and the approved usage of the language. Actually we are right back to the sense in which the word "manufacturer" is used. At the time section 422.42(11) was enacted the word "manufacturer" as used in section 428.20 had been held not to include construction contractors. In re Appeal of Koss Construction Co., 214 Iowa 125, 241 N.W. 495. The legislature must know this as well as the fact section 428.20 provided, "shall be deemed a manufacturer for the purposes of this title." We believe it is also true that the approved usage of the language or the plain ordinary meaning of the word "manufacturer" does not include those whose principal business is laying pavement, In re Appeal of Koss Construction Co., 214 Iowa 125, 241 N.W. 495; Morley v. E. E. Barber Construction Co., 220 Ark. 485,

248 S.W.2d 689; or building or constructing dams, Morrison-Knudson Co. v. State Board of Equalization, 58 Wyo. 500, 135 P.2d 927.

When the Fifty-third General Assembly enacted House File 237 the first paragraph of the bill contained what is now subsection 10 of section 422.42 as follows:

"Sales of building materials, supplies and equipment to owners, contractors, subcontractors or builders, for the erection of buildings or the alteration, repair or improvement of real property, are retail sales in whatever quantity sold."

In subsection 10 the terms "contractors, subcontractors or builders" are used and make definite that sales to them of building materials, etc., are retail sales. In the next paragraph these terms are not used but rather "manufacturer." If the intent of the legislature had been to tax a construction contractor who manufactures a product for use in performing a construction contract as contended by the tax commission, it might well have used the terms, "contractors, subcontractors or builders." These are the ones who ordinarily perform construction contracts. Intervenor's theory finds support in the legislative history.

The explanation of House File 237 is as follows:

"This bill does not change the present practice of the Tax Commission in any manner whatsoever. It is putting into law what has been in the rules and regulations of the Commission for some time. The reason it is requested that this be enacted into law is that during the time the Army and Navy were paying taxes on construction in Iowa they repeatedly referred to the fact that the Supreme Court decision referred to states that had laws and not rules and regulations. It is therefore believed that the enactment of the above law will strengthen the position of the commission."

The rule then in effect was rule 10.3, as follows:

"Where a manufacturer uses or consumes tangible personal property which has been made, compounded, fabricated or assembled by him, he is liable for either retail sales or use tax as the case may be. The measure of the tax is two per cent of the cost of the manufacture of the tangible personal property so used and consumed."

The word "manufacturer" as used in rule 10.3 is used in the sense of one whose principal business is manufacturing.

It is pointed out in Morrison-Knudsen Co. v. State Tax Commission, 242 Iowa 33, 38, 44 N.W.2d 449, 41 A. L. R.2d 523, that the purpose sought to be accomplished by a statute relating to taxation is important in construing such statute and in determining the scope of its application.

Here a question is presented as to the purpose. Under the language used the legislature could have intended only to tax the use where a manufacturer installed tangible personal property manufactured by it in performing the contract. Usually this would be as a subcontractor and would complement subsection 10 by placing a tax on all tangible personal property obtained by the contractor for use in the performance of the construction contract whether purchased by the contractor and taxed under subsection 10 or installed by a subcontractor or manufacturer and taxed under subsection 11. This would tax all tangible personal property used in the performance of the contract without in any manner taxing the labor costs of the contractor. This purpose would result in the seller under subsection 10 or the installer or manufacturer under subsection 11 being liable for the payment of the tax to the state.

The above is as reasonable as the view that the purpose is to equalize the tax paid by a contractor mixing his own asphaltic concrete with that of the contractor purchasing ready mixed asphaltic concrete or any other tangible personal property so used on which sales tax would be paid under subsection 10.

A taxpayer is entitled to more particularity in a taxing statute than we have here. An example of more particularity is found in the Tennessee Code, section 67-3004, as follows:

"Where a manufacturer, producer, compounder or contractor erects or applies tangible personal property, which he has manufactured, produced, compounded or severed from the earth, for the account of or under contract with the owner of realty or other property, such person so using the tangible personal property shall pay the tax * * *."

The above statute appears in John W. McDougall Co. v.

Atkins, 201 Tenn. 589, 592, 301 S.W.2d 335, 336, cited by the tax commission.

Section 422.42(11) is ambiguous, it may reasonably be construed both favorably and unfavorably to the intervenor. It is entitled to the more favorable construction. It follows the assessment against it is null and void. The case is reversed and remanded for a decree in conformity herewith.—Reversed and remanded.

All Justices concur.