**NORTHERN NATURAL GAS COMPANY,**
Appellee,

v.

**William H. FORST, Director, Department
of Revenue of Iowa, Defendant,**

**Donald G. Briggs, Director, Department
of Revenue of Iowa, Substituted
Defendant, Appellant.**

No. 55227.

Supreme Court of Iowa.

March 28, 1973.

Richard C. Turner, Atty. Gen., George W. Murray, Special Asst. Atty. Gen., Harry M. Griger and John A. Pabst, Asst. Attys. Gen., for appellant.

Duncan, Jones, Riley & Davis, by Eugene Davis and Glenn Smith, Des Moines, and Frank Duffy, Omaha, Neb., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, HARRIS, and McCORMICK, JJ.

RAWLINGS, Justice.

Defendant appeals from trial court's final adjudication favorable to plaintiff on its declaratory judgment proceeding. We affirm.

At risk of oversimplification, this court is now, for the first time, called upon to determine the period during which a taxpayer is entitled to interest from the State on excess income taxes paid.

From 1955 to 1961 plaintiff and defendant's predecessor executed a series of waiver agreements pursuant to The Code 1971, Section 422.25(7). This enabling Act permitted the parties to periodically extend statutory limitation periods for computation of income taxes owing. These time extension agreements provide in relevant part: "[I]nterest due in excess of thirty-

six (36) months on [a] * * * tax refund shall be waived."

April 25, 1967, defendant's predecessor sent notice of overassessment to plaintiff. The latest extension agreement expired April 30, 1967. Plaintiff thereupon appealed to the State Tax Commission. The refund to be allowed was there increased by successor defendant in this case, but not to the extent desired by plaintiff taxpayer. With regard to the disallowed portion, plaintiff appealed to district court, but settlement was effected before trial. Thereafter plaintiff, by amendment to its petition, sought a declaratory judgment as to whether interest was owing on the amount refunded by defendant State for the period from April 30, 1967, aforesaid expiration date of the last extension agreement, to March 24, 1971, refund payment time. The parties stipulated, in event plaintiff's claim be allowed, then $43,648.13 interest would be owing to it by defendant State.

Defendant contends the waiver agreements and Code § 422.25(7), limit plaintiff's interest right to thirty-six months preceding April 30, 1967, above noted expiration date of the last agreement, which interest was included in the original refund, regardless of time the refund was paid.

On the other hand, plaintiff argues, upon expiration of the latest waiver agreement the ordinary rules concerning interest on income tax refunds, Code §§ 422.25(3) and 422.28, applied. Stated otherwise, plaintiff asserts, since defendant State failed to pay the refund before expiration of the last waiver agreement the above cited Code sections instantly come into play and interest resultantly accrued from such expiration date until actual payment of the refund due.

Defendant relies on these propositions in support of a reversal: (1) payment of interest on a tax refund is governed exclusively by statute; (2) statutory construction may only be invoked when a statutory enactment is ambiguous or uncertain in meaning; (3) the waiver agreements constituted contracts by which the parties are bound; and (4) entitlement to interest on a tax refund is statutory, not a matter of right.

I. Plaintiff concedes the first and fourth propositions, *supra*, have merit. It also asserts, while existence of a contract is not conceded, it is essentially immaterial, since the contract, if any, could only operate to the extent allowed by law. See S & M Finance Co. Fort Dodge v. Iowa State Tax Comm'n., 162 N.W.2d 505, 510 (Iowa 1968); Michigan-Wisconsin Pipe Line Co. v. Johnson, 247 Iowa 583, 594, 73 N.W.2d 820 (1955); City of Ames v. State Tax Commission, 246 Iowa 1016, 1022, 71 N.W.2d 15 (1955); cf. Des Moines & C. I. Ry. Co. v. Tax Commission, 253 Iowa 994, 999, 115 N.W.2d 178 (1962). Thus the only remaining issues are, (1) is § 422.-25(7) ambiguous, and (2) if so, what is the proper statutory construction to be given it?

■ II. Inceptionally it is understood, "The legal or equitable nature of a declaratory judgment procedure is to be determined by the pleadings, the relief sought and the nature of the case." Brammer v. Allied Mutual Insurance Company, 182 N. W.2d 169, 172 (Iowa 1970). See also Frederick v. Shorman, 259 Iowa 1050, 1055, 147 N.W.2d 478 (1966), *quoting* Henderson v. Hawkeye-Security Ins. Co., 252 Iowa 97, 100, 106 N.W.2d 86 (1960).

■ As best we can determine from the record, this case was tried below as an equitable proceeding. It is accordingly entertained de novo on appeal. See Brammer v. Allied Mutual Insurance Company; Henderson v. Hawkeye-Security Ins. Co., both *supra*. Therefore trial court's findings, though accorded weight, are not binding upon us. See Iowa R.Civ.P. 344(f) (7). Compare with Code § 422.29.

III. With regard to ambiguity we said in McKillip v. Zimmerman, 191 N.W.2d 706, 709 (Iowa 1971): "If the language

of a statute when given its plain and rational meaning is precise and free from ambiguity, no more is necessary than to apply to the words used their ordinary sense in connection with the subject considered." See Maguire v. Fulton, 179 N. W.2d 508, 510 (Iowa 1970); Kruck v. Needles, 259 Iowa 470, 476, 144 N.W.2d 296 (1966); Jones v. Thompson, 240 Iowa 1024, 1036, 38 N.W.2d 672, 678 (1949). See also The Code 1973, Section 4.6.

Section 422.25(7) says:

"The periods of limitation provided by this section [regarding computation of tax] may be extended by the taxpayer by signing a waiver agreement to be provided by the department. Such agreement shall stipulate the period of extension and the year or years to which such extension applies. It shall further provide that a claim for refund may be filed by the taxpayer at any time during the period of extension. *In consideration of such agreement, interest due in excess of thirty-six months on either a tax deficiency or tax refund shall be waived.*" (Emphasis supplied).

Defendant asserts the foregoing italicized sentence is clear and unmistakable in meaning, thus dispositive of this appeal. In other words, defendant contends no construction of this statute is necessary. We disagree.

■ Although a literal reading of the questionable sentence might lead to the conclusion asserted by defendant, "It is a well-known * * * rule that the manifest intent of the legislature will prevail over the literal import of the words used." Spencer Pub. Co. v. City of Spencer, 250 Iowa 47, 51, 92 N.W.2d 633, 635 (1958). See also Dingman v. City of Council Bluffs, 249 Iowa 1121, 1127, 90 N.W.2d 742 (1958).

As trial court implicitly found, it is unclear from referring only to § 422.25(7) whether the thirty-six month interest limitation in that section refers to the period of extension or to the entire relevant time surrounding a tax refund. For guidance in solving that problem resort must be had to pertinent standards of statutory construction.

■ IV. Since § 422.25(7) has not previously been before this court for construction, it is essential we examine "both the language used and the purpose for which the legislation was enacted." State v. Steenhoek, 182 N.W.2d 377, 379 (Iowa 1970). See also Crow v. Shaeffer, 199 N. W.2d 45, 47 (Iowa 1972); Langel v. Board of Supervisors, 186 N.W.2d 608, 610 (Iowa 1971); State v. Hanna, 179 N.W.2d 503, 506 (Iowa 1970); Dobrovolny v. Reinhardt, 173 N.W.2d 837, 840 (Iowa 1970); Mallory v. Paradise, 173 N.W.2d 264, 266–268 (Iowa 1969); Hedges v. Conder, 166 N.W.2d 844, 852 (Iowa 1969).

■ And in Bruce v. Wookey, 261 Iowa 231, 233, 154 N.W.2d 93, 94 (1967), this court stated: "In seeking the meaning of a law the entire act should be considered. Each section must be construed with the act as a whole and all parts of the act considered, compared and construed together." See Maguire v. Fulton, *supra;* Cedar Mem. Park Cem. Ass'n. v. Personnel Assoc., Inc., 178 N.W.2d 343, 350 (Iowa 1970); Dobrovolny v. Reinhardt, *supra*; Wilson v. Iowa City, 165 N.W.2d 813, 823 (Iowa 1969); Goergen v. State Tax Commission, 165 N.W.2d 782, 785 (Iowa 1969).

■ Additionally, "the subject matter, effect, consequence, and the reason and spirit of the statute must be considered, as well as words, in interpreting and construing it." Dobrovolny v. Reinhardt, 173 N.W.2d at 840. See also Overbeck v. Dillaber, 165 N.W.2d 795, 797 (Iowa 1969).

■ Finally, "a statute should be given a sensible, practical, workable and logical construction." Janson v. Fulton, 162 N. W.2d 438, 443 (Iowa 1968). See also Isaacson v. Iowa State Tax Commission, 183 N.W.2d 693, 695 (Iowa 1971).

V. Consideration will be first accorded the words used in the questionable Act. The first sentence of § 422.25(7), quoted above, makes provision for an agreement to extend, by waiver, the period within which taxes shall be assessed. The second clause then mandatorily states: "Such agreement shall stipulate the period of extension and the year or years to which such extension applies." Following a third sentence allowing taxpayers to file refund claims within an extension period, the clause we are here required to construe provides: "In consideration of such agreement, interest due in excess of thirty-six months on either a tax deficiency or tax refund shall be waived." It must be conceded no court, under the guise of judicial construction, may add words of qualification to the sentence in question. See State v. Hocker, 201 N.W.2d 74 (Iowa 1972); Davenport Water Co. v. Iowa State Commerce Com'n., 190 N.W.2d 583, 594–595 (Iowa 1971). It is only reasonable, however, to conclude that if the waiver of assessment is applicable only for the time period provided in the agreement, then waiver of interest applies for the same period.

VI. Next, as noted above, it is essential we compare and construe § 422.-25(7) in light of the Act as a whole, and with other statutory enactments *in pari materia*. In that regard §§ 422.25(3) and 422.28 must be considered.

Section 422.25(3) provides: "If the amount of the tax as determined by the department shall be less than the amount theretofore paid, the excess shall be refunded with interest after sixty days from the date of payment at six percent per annum * * *."

And § 422.28 states, in pertinent part:

"A taxpayer may appeal to the director for revision of the tax * * * assessed against him at any time within ninety days from the date of the notice of the assessment of such tax * * *. The director * * * shall refund to the taxpayer the amount, if any, paid in excess of the tax * * * found by the director to be due with interest after sixty days from the date of payment by the taypayer at six percent per annum."

By weighing §§ 422.25(3) and 422.28, it becomes to us apparent these statutes clearly indicate a general legislative purpose to allow payment of interest on income tax refunds. They encompass the period of time for obtaining both an undisputed refund and a refund which has been obtained, in whole or in part, through invocation of appellate process.

As noted in § 422.25(3), the State is required to refund to the taxpayer all excess taxes collected within sixty days after payment thereof. If the State fails to meet this deadline, interest is owing.

A reading of § 422.28 discloses interest continues to accrue while an appeal is pending, and until final payment is made by the State.

Both of the foregoing provisions were passed in 1935, and § 422.25(7) was enacted in 1957. See 1935 Special Session of the Forty-Fifth General Assembly, ch. 82, §§ 21, 24; 1957 Session of the Fifty-Seventh General Assembly, ch. 211, § 6.

Against this backdrop of such longstanding statutory enactments it would be incongruous and paradoxical to find an amendment enacted in 1957, as an aid to the State in assessing taxes, also usurped the statutory right of a taxpayer to interest on refunds, at the same time obviating the State's duty to make prompt payment thereof.

Defendant State supportively argues, however, it would not be entitled to interest on a tax deficiency in excess of the subject thirty-six month statutory period, therefore plaintiff taxpayer cannot have the relief sought. This subtle argument does nothing more than beg the question.

▇▇▇ VII. Defendant's stand also runs afoul of another rule of construction. Laws which establish taxpayer remedies are to be liberally construed. See 3 Sutherland, Statutory Construction, § 6707 (3d ed., Horack, 1943). More precisely, in construing taxing statutes we have held, if doubt exists, they are to be construed against the State and in favor of the taxpayer. See Farnsworth v. Iowa State Tax Comm., 257 Iowa 280, 281, 132 N.W.2d 477 (1965); Assoc. Genl. Contrs. v. State Tax Comm., 255 Iowa 673, 676, 123 N.W.2d 922 (1963).

Mindful of the foregoing rule, we look now to the practical result in the event defendant should here prevail. An impractical consequence becomes at once apparent. Plaintiff would thereby be placed in the dubious position of (1) foregoing acceptance of the amount previously found to be owing, or (2) waiving interest on that sum, in order to recover, by appeal, a claimed $10,000 in excess taxes paid. The vice inherent in this situation is that plaintiff taxpayer would be thereby required to forego $43,648.13, stipulated interest, in order to pursue its statutory right of appeal to recover the $10,000 claimed additional overpaid taxes. And, as previously stated, a statute will be so construed as to avoid such absurd results.

▇▇▇ Furthermore, defendant's construction of § 422.25(7) contains the additional vice of advocating an implied repeal of §§ 422.25(3) and 422.28, by negating, in effect, plaintiff's statutory right to appeal the originally contemplated refund. In Llewellyn v. Iowa State Commerce Commission, 200 N.W.2d 881, 884 (Iowa 1972), we reiterated the rule that repeal by implication is not a favored policy, and will not be employed unless absolutely necessary. See also Chicago, R. I. & P. R. Co. v. Iowa State Highway Com'n., 182 N.W. 2d 160, 162 (Iowa 1970); Northwestern Bell Tel. Co. v. Hawkeye State Tel. Co., 165 N.W.2d 771, 774 (Iowa 1969). See generally 1A Sutherland, Statutory Construction, §§ 23.09, 23.10 (4th ed. 1972).

▇▇▇ VIII. Defendant urges, however, where both a general and specific statute encompass the subject matter in question, the specific will control and take precedence, regardless of whether it was passed before or after the general enactment. Assuming the general validity of this claim it still remains, where one statute deals with a subject in general terms and another in a more detailed way, the two shall be harmonized if possible. See Baird v. City of Webster City, 256 Iowa 1097, 1113, 130 N.W.2d 432 (1964); 82 C.J.S. Statutes § 368. As previously noted, the statutes here in question, when accorded a reasonable construction, are not in conflict. The fact that they together, as already demonstrated, may ultimately produce a result favorable to the taxpayer does not mean they are in conflict, inconsistent, or run afoul of each other. In other words, they are instantly compatible.

▇▇▇ IX. Finally, the legislative intent in enacting § 422.25(7) comes into focus. Increasing complexity of federal tax regulations admittedly elongated the time necessary to audit returns of some Iowa taxpayers. In an attempt to alleviate an attendant problem the legislature, by enactment of § 422.25(7), provided the State, via waiver agreements, a means by which to realistically gain time needed to effectively audit returns and assess taxes. The controversial sentence in § 422.25(7), italicized above, was added to prevent accrual of otherwise large accumulations of interest during any such extended periods. Since that time ends when the waiver agreements expire, interest abatement also comes to an end upon expiration thereof.

Trial court determined § 422.25(7) and the waiver agreements limited interest on tax refunds to thirty-six months prior to expiration of the latest of such agreements. It was also found, when the waiver agreements expired interest again accrued from date of expiration to date of refund payment.

Reason and logic amply support trial court's conclusions. There is to us no plausible basis upon which to hold otherwise. Plaintiff taxpayer is accordingly entitled to recover $43,648.13, stipulated interest, from defendant State.

Affirmed.