**IOWA NATIONAL INDUSTRIAL LOAN COMPANY, Appellee,**

v.

**The IOWA STATE DEPARTMENT OF REVENUE, Appellant.**

No. 2–57008.

Supreme Court of Iowa.

Dec. 18, 1974.

Richard C. Turner, Atty. Gen., George W. Murray, Sp. Asst. Atty. Gen., and Harry M. Griger, Asst. Atty. Gen., for appellant.

Reynolds, Kenline, Roedell, Breitbach & McCarthy, Dubuque, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

LeGRAND, Justice.

In this appeal we are asked to construe § 422.37(1), The Code, 1966, as it affects plaintiff's right to file a consolidated corporate Iowa income tax return for the year 1968.

After plaintiff had filed such a return, the Director of Revenue (hereafter called Director) ordered it to file a separate return. On appeal to the district court, the ruling of the Director was set aside. The Department of Revenue (hereafter called Department) appeals from that ruling. We affirm the trial court.

Before discussing the issues involved, it is necessary that we give the background facts leading up to this dispute. During the years 1966, 1967 and 1968, the Iowa National Livestock Company, Iowa National Industrial Loan Company, and Epworth Savings Bank (now Key City Bank and Trust Company) were subsidiary corporations substantially owned and controlled by Iowa National Investment Company. For each of these years, they filed consolidated federal income tax returns with the Internal Revenue Service of the United States as permitted by the Internal Revenue Code. For each year, too, these corporations (except Epworth Savings Bank) filed Iowa consolidated returns. Epworth Savings Bank was not included in the Iowa returns because of the provisions of § 422.34(1), The Code, which exempt banking institutions from the payment of Iowa income tax.

The Iowa consolidated returns were filed without application to or permission from the Department or its predecessor, the Iowa State Tax Commission, despite the provisions of Department Regulation 22.37–1, hereafter set out. The Director concedes the returns for 1966 and 1967 cannot now be challenged because of the three-year limitation imposed by § 422.25(1), The Code. We are here concerned only with the 1968 return. The consolidated return showed no tax due. The Department's redetermination of tax liability resulted in an assessment of $2,532.37 plus interest. That is the amount at stake in this litigation.

The decision in this case depends upon our interpretation of § 422.37(1), The Code, which we set out here:

"Any corporation capable of exercising directly or indirectly substantially the entire control of the business of another corporation doing business in the United States either by ownership or control of substantially the entire capital stock of such other corporation, or otherwise, *may, under regulations to be prescribed by the director, be permitted, and upon demand of the director shall be required, to make a consolidated return, showing the consolidated net income of all such corporations, and such other information as the director may require.*" (Italics supplied.)

The substantial control exercised by Iowa National Investment Company over the

other corporations, including plaintiff, is admitted. The controversy concerns only the meaning and effect of that part of the above statute which we have italicized.

Acting pursuant to the authority granted in this statute to prescribe regulations, the Director adopted the following rule:

> *"Consolidated returns.* Authority to grant or withhold permission to file a consolidated return in the case of affiliated corporations, as well as to require such returns, is by the Act vested in the commission [department]. Ordinarily, the making of consolidated returns will not be permitted, but this inhibition shall not be construed as denying the right of any corporation to make application to the commission [department] for the privilege of filing a consolidated return, setting forth in such application in detail the reasons therefor, together with statement showing the income and deductible expenses of the affiliated concerns. A consolidated return will in no case be permitted by the commission [department] where it appears that the total taxable income of the affiliates is thereby reduced. Each corporation is, under the law, a separate and distinct entity, and the ownership of all, or of substantially all, of the stock of one corporation by another corporation or by the stockholder of another corporation, does not operate to change this condition. The commission [department] may, however, require the making of a consolidated return if thereby the taxable income of the corporation affected will be more clearly disclosed."

(Revenue Department Regulation 22.37–1, Iowa Departmental Rules (1968), page 837.)

The Department argues plaintiff could not file a consolidated return under the statute and the related regulation without first securing its permission. This is the point upon which this case turns, although the Department says the appeal raises the following four issues: (1) Did the trial court correctly interpret § 422.37(1) to grant corporate taxpayers the right to file consolidated income tax returns without permission of the Department? (2) Is § 422.37(1) unconstitutional as an unlawful delegation of legislative power to the Director of Revenue? (3) Does the proper filing of a consolidated return for federal income tax purposes confer upon the taxpayer the right to file an Iowa consolidated return? (4) Is the Department of Revenue estopped from requiring plaintiff to file a separate income tax return for the year 1968 under § 422.-34(1)?

We decide the first issue against the Department for reasons which make it unnecessary to reach the remaining three questions.

Stated in deceptively simple terms, the ultimate issue is whether the statutory language quoted above means a consolidated return may *never* be filed without the Department's permission. Or, as the Department poses the question, does the statute allow the filing of consolidated returns simply upon a showing of substantial control by one corporation over another? These two extremes demonstrate the difficulty in reaching a completely satisfactory result. Implicit in this matter, regardless of how it is phrased, is the necessity to say whether the regulatory power granted the Director by the statute was properly exercised. If so, plaintiff cannot prevail, for it is undisputed the terms of Rule 22.37–1 were not complied with.

In the countless cases this court has considered over the years, many rules of statutory construction have evolved. With one exception none of them is to be used to the exclusion of the others and all must be applied together in the light of the particular facts of the case then under examination. The single departure from this relates to the polestar of all statutory construction—the search for the true intention of the legislature. The other interpretative guides are all designed, in one way or another, to help us reach that goal. Among the cases emphasizing this primary rule are State v. Prybil, 211 N.W.2d 308, 310, 311

(Iowa 1973); State v. Vietor, 208 N.W.2d 894, 897, 898 (Iowa 1973); Jones v. Iowa State Highway Commission, 207 N.W.2d 1, 2 (Iowa 1973); In re DeVries Estate, 203 N.W.2d 308, 310 (Iowa 1972). See also Rule 344(f), 13, Rules of Civil Procedure.

Our previous holdings also establish the following general guidelines:

■ (1) In considering legislative enactments we should avoid strained, impractical or absurd results. Cedar Memorial Park Cemetery Association v. Personnel Associates, Inc., 178 N.W.2d 343, 347 (Iowa 1970); Olsen v. Jones, 209 N.W.2d 64, 67 (Iowa 1973); Northern Natural Gas Company v. Forst, 205 N.W.2d 692, 695, 696 (Iowa 1973); State v. McGuire, 200 N.W.2d 832, 833 (Iowa 1972); Isaacson v. Iowa State Tax Commission, 183 N.W.2d 693, 695 (Iowa 1971); Harnack v. District Court of Woodbury County, 179 N.W.2d 356, 361 (Iowa 1970); Krueger v. Fulton, 169 N.W.2d 875, 877 (Iowa 1969); Janson v. Fulton, 162 N.W.2d 438, 443 (Iowa 1968).

■ (2) Ordinarily, the usual and ordinary meaning is to be given the language used but the manifest intent of the legislature will prevail over the literal import of the words used. Northern Natural Gas Co. v. Forst, supra, 205 N.W.2d at 695.

■ (3) Where language is clear and plain, there is no room for construction. In re Johnson's Estate, 213 N.W.2d 536, 539 (Iowa 1973); McKillip v. Zimmerman, 191 N.W.2d 706, 709 (Iowa 1971); In re Brauch's Estate v. Beeck, 181 N.W.2d 132, 134 (Iowa 1970).

■ (4) We should look to the object to be accomplished and the evils and mischiefs sought to be remedied in reaching a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it. State v. Johnson, 216 N.W.2d 335, 337 (Iowa 1974).

■ (5) All parts of the enactment should be considered together and undue importance should not be given to any single or isolated portion. Cedar Memorial Park Cemetery Association v. Personnel Associates, Inc., supra; Webster Realty Company v. City of Fort Dodge, 174 N.W.2d 413, 418 (Iowa 1970); Wilson v. Iowa City, 165 N.W.2d 813, 822 (Iowa 1969); Goergen v. State Tax Commission, 165 N.W.2d 782, 785, 786 (Iowa 1969).

■ (6) We give weight to the administrative interpretation of statutes, particularly when they are of longstanding. State v. Garland, 250 Iowa 1087, 94 N.W.2d 122 (1959); Northwestern States Portland Cement Co. v. Board of Review of City of Mason City, 244 Iowa 720, 58 N.W.2d 15 (1953).

■ (7) In construing tax statutes doubt should be resolved in favor of the taxpayer. Estate of Dielman v. Department of Revenue, 222 N.W.2d 459, 461 (Iowa 1974); Northern Natural Gas Co. v. Forst, supra, 205 N.W.2d at 697.

With all these in mind, we look to § 422.-37(1) to determine the legislative intent behind its enactment. Other rules of more limited application are referred to later. Much of the dispute rages around the word "may" as used in the statute. Is it permissive or is it mandatory? It is well settled that the literal meaning of words, even in their usual accepted sense, must give way to the manifest intention of the legislature when it appears that the language used and the purpose to be accomplished are in conflict. Northern Natural Gas Company v. Forst, supra, 205 N.W.2d at 694–695.

■ While "may" is ordinarily a permissive word, there are many circumstances under which it may be given a mandatory meaning. Schultz v. Board of Adjustment, 258 Iowa 804, 810, 139 N.W.2d 448, 451–452 (1966); John Deere Waterloo Tractor Works v. Derifield, 252 Iowa 1389, 1392, 110 N.W.2d 560, 562 (1961); Wolf v. Lutheran Mutual Life Insurance Company, 236 Iowa 334, 340, 341, 18 N.W.2d 804, 808 (1945).

Although we have not faced this precise problem until now, several other jurisdic-

tions have considered similar questions with conflicting results. In State v. Oliver Mining Co., 207 Minn. 630, 292 N.W. 407, 410 (1939), the Minnesota Supreme Court gave a mandatory construction to a statute strikingly similar to the one under review here. In California the appeals court reached the opposite result, again under circumstances similar to those facing us now. Handlery v. Franchise Tax Board, 26 Cal.App.3d 970, 979, 103 Cal.Rptr. 465, 471 (1972).

In this regard, the following quotation from 1A Sutherland Statutory Construction (Sands 4th Ed. 1972), § 25.04, page 301, is significant:

"Certain forms and types of statutes are generally considered mandatory. Unless the context otherwise indicates, the use of the word 'shall' (except in its future tense) indicates a mandatory intent. And even the permissive word 'may' as interpreted is mandatory when the duty is imposed upon a public official and his act is for the benefit of a private individual."

This same authority also says this:

"It can be stated as a general proposition that, as regards the question of mandatory or directory operation, the courts will apply that construction which best carries into effect the purpose of the statute under consideration.

" * * *

"The ordinary meaning of language may be overruled to effectuate the purpose of the statute. And it is always presumed that the legislature was motivated by some purpose in the enactment of a statute, so that if one construction would render it ineffective, the other should manifestly be adopted." 2A Sutherland Statutory Construction, § 57.04, pages 417, 418.

■ We are convinced the intent and purpose of § 422.37(1) was to accord corporations defined therein the right to file consolidated income tax returns with the form, manner and other administrative details of doing so left to the Director under regulations to be prescribed by him. We cannot believe the legislature conferred with one hand the right to file a consolidated return and, with the other, authorized the Director to withdraw that right by administrative fiat.

On this question, we had this to say in Holland v. State of Iowa, 253 Iowa 1006, 1010, 115 N.W.2d 161, 163 (1962):

"But administrative rules cannot go further than the law permits. An administrative body may not use the device of promulgating rules to change or add to the law; they are not to be taken as law in themselves, but must be reasonable and used for the purpose of carrying out the legislative enactments. An administrative body may not make law or change the legal meaning of the common law or the statutes."

And this appears in Bruce Motor Freight, Inc. v. Lauterbach, 247 Iowa 956, 961, 77 N.W.2d 613, 616 (1956):

"Rules [of administrative departments] cannot be adopted that are at variance with statutory provisions, or that amend or nullify legislative intent."

In Knudsen v. Iowa Liquor Control Commission, 171 N.W.2d 538, 540 (Iowa 1969), we said, after repeating that an administrative body may not by its regulations, change the legal meaning of the common law or the statutes:

"Additionally, it is the general rule that an administrative agency action which is contrary to or beyond the power granted it by law is arbitrary, capricious, unreasonable or an abuse of discretion, and is not redeemed by presence of good faith or high purpose."

See also Eastern Iowa Light and Power Cooperative v. Interstate Power Co., 164 N.W.2d 135, 140 (Iowa 1969); cf. Wall v. County Board of Education, 249 Iowa 209, 228, 229, 86 N.W.2d 231, 242 (1957) and Fischer Artificial Ice & Cold Storage Company v. Iowa State Tax Commission, 248 Iowa 497, 504, 505, 81 N.W.2d 437, 442 (1957).

The inevitable effect of the interpretation the Department urges us to adopt would nullify the very statute the Director's regulations were to implement.

Despite the statute, the Director's regulation would in no case allow a consolidated return when the net tax would be thereby reduced. It takes no great perception to recognize this as an effective emasculation of the statute. Ordinarily taxpayers do not rush in to avail themselves of an option which *increases* their taxes. We cannot give the statute the meaning the Department wants without reaching "strained, absurd and illogical" results.

We have not overlooked the Department's argument that the use of both "may" and "shall" in the same section has significance, indicating the legislature used them in their usual and ordinary sense—the former as permissive and the latter as mandatory.

Referring once more to Sutherland Statutory Construction, we find this statement:

"Where both mandatory and directory verbs are used in the same statute, or in the same section, paragraph, or sentence of a statute, it is a fair inference that the legislature realized the difference in meaning and intended that the verbs should carry with them their ordinary meanings. Especially is this true where 'shall' and 'may' are used in close juxtaposition in a statutory provision, under circumstances that would indicate that a different treatment is intended for the predicates following them." (2A Sutherland Statutory Construction, § 57.11, page 429.)

For reasons already stated, we believe application of that rule is not warranted under the circumstances now before us.

The Department takes one other rather ingenious approach to sustain its position. It wants us to hold § 422.37(1) is an unconstitutional delegation of legislative authority and therefore void. If the statute is void, there is no right to file consolidated returns at all. The Department's position would thus prevail.

We need not decide that question but, contrary to the Department's point of view, we regard it as an additional reasoning for holding as we have.

If we were to adopt the Department's interpretation of the statute, there would be considerable merit to the objection thus urged. For general discussion on this subject, see Grant v. Fritz, 201 N.W.2d 188, 193 (Iowa 1972); Lee Enterprises v. Iowa State Tax Commission, 162 N.W.2d 730, 742 (Iowa 1968); Elk Run Telephone Company v. General Telephone Company, 160 N.W.2d 311, 316 (Iowa 1968) and authorities there cited.

■ It is well settled that when one of two possible interpretations leads to unconstitutionality and the other to constitutionality, we must adopt the view which upholds, rather than defeats, the law. General Expressways, Inc. v. Iowa Reciprocity Board, 163 N.W.2d 413, 421 (Iowa 1968); State v. Ramos, 260 Iowa 590, 596, 149 N.W.2d 862, 865 (1967); Kruck v. Needles, 259 Iowa 470, 478, 144 N.W.2d 296, 301, 302 (1966); Kruidenier v. McCulloch, 258 Iowa 1121, 1133, 142 N.W.2d 355, 362 (1966); Graham v. Worthington, 259 Iowa 845, 855, 146 N.W.2d 626, 633 (1966).

Even more to the point, in City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 1118, 188 N.W. 921–922 (1922), (supplemental opinion), we held the word "shall" to be permissive rather than mandatory "to preserve the constitutionality of the act." Conversely, we believe "may" should be construed to be mandatory rather than permissive, if that were necessary to preserve the constitutionality of § 422.37(1).

■ We hold the trial court correctly ruled plaintiff was entitled to file a consolidated income tax return for the year 1968. We hold further the Department's Regulation 22.37–1 is invalid as contrary to and in conflict with the legislative purpose and intent of § 422.37(1). We also hold the Director's failure to adopt reasonable and

proper regulations to implement the statute cannot deprive plaintiff of its right to file a consolidated return.

The decree ordering the Department to cancel the assessment against plaintiff for income tax due for the year 1968 and directing it to accept the consolidated return filed by plaintiff is affirmed.

Affirmed.