The RIVER PRODUCTS COMPANY,
Plaintiff-Appellee,

v.

The BOARD OF REVIEW OF WASH-
INGTON COUNTY, Iowa,
Defendant-Appellant.

No. 2–67633.

Court of Appeals of Iowa.

Dec. 29, 1982.

James E. Lloyd of Morrison, Lloyd &
McConnell, Washington, and Richard S.
Bordwell, Washington, for defendant-appel-
lant.

C. Joseph Holland of Hayek, Hayek &
Hayek, Iowa City, for plaintiff-appellee.

Jon P. Sullivan of Dickinson, Throckmor-
ton, Parker, Mannheimer & Raife, Des
Moines, for amicus curiae, Iowa Limestone
Producers' Assn.

Considered by OXBERGER, C.J., and
DONIELSON, SNELL, and JOHNSON, JJ.

DONIELSON, Judge.

Defendant, The Board of Review of Washington County, Iowa, appeals from the district court's ruling reversing the Board of Review of Washington County's determination that equipment used by plaintiff at its limestone quarries should be taxed as real property pursuant to Iowa Code § 427A.1(1)(e) (1981). The district court disagreed with the Board's determination that the equipment was used in a process of manufacturing. We affirm the district court's ruling.

■ When issues heard before the Board are appealed to the district court, the appeal is heard in equity. *Equitable Life Insurance Co. v. Board of Review of the City of Des Moines,* 281 N.W.2d 821, 823 (Iowa 1979). Our review of the district court's ruling is thus de novo. *Id.* We give weight to the trial court's findings but are not bound by them. *See Power v. Regis,* 220 N.W.2d 587, 589 (Iowa 1974).

I.

The plaintiff, The River Products Company, operates limestone quarries in Washington County, Iowa. Plaintiff sells the aggregates mainly for road construction materials and as agricultural limestone for farmfields. The quarrying operation in Washington County involves the removal of rock at the Keota site by drilling and dynamiting. The large rock pieces are placed in a primary crusher which reduces the rocks to pieces, eight inches or smaller. These pieces are then conveyed by belt to the secondary plant where the rocks are broken down further and screened to separate the lime and to separate the rock pieces into desired sizes. Some of the rock is taken to the stockpile as a finished product for sale. The rock has also been run through a "batch washer" to wash off the small particles of lime adhering to the rock. This product is then sold as a concrete aggregate used by ready mix plants and highway contractors. The plaintiff also owns a "pug mill" which is usually located in Johnson County but which is mobile and can be brought to Washington County sites. The

pug mill is used rarely to provide an additional moisturizing process. During this process, either water or calcium chloride is run over the rock so it will stay moist for a longer period of time once it is packed. It is important to note that neither the "batch washer" process, nor the "pug washer" process had been used by plaintiff during the period for which the tax is at issue. In fact, the general superintendent of rock quarries operations at River Products Company testified that, at no time since his employment in 1963 had any water or calcium chloride been added to the rock at the Keota site and only once in 1975 had the rock been washed at the Washington Township site.

The Washington County Assessor and Board of Review assessed and taxed certain property used in plaintiff's operation as real estate. That property consists of the following items: a Gardner Portable Air Compressor; a Portable Bin; a Gardner Air Trac Drill; a Diesel Electric Generator; a Diesel Engine; a Mack Truck; a Mack Dump Truck; a Euclid Rear Dump Truck; a Universal Impact (Primary Crusher); a Portable Plant (Secondary Crusher); a Caterpillar Bulldozer; a Hobart Welder; and three Michigan Loaders (endloaders). All of these items are on wheels or are track-type vehicles and are moved from site to site and county to county regularly. Each item is licensed as special mobile equipment for road movement purposes. The board determined that the equipment should be taxed as real property pursuant to Iowa Code § 427A.1(1)(e) (1981) on the ground that it was used in a process of manufacturing.

The plaintiff appealed to the district court, which reversed the board's determination and ruled that the equipment was not used in a manufacturing enterprise and therefore could not be taxed as real property pursuant to section 427A.1(1)(e). The board now appeals the court's ruling.

II.

■ Iowa Code § 428.20 (1981) provides:

Any person, firm, or corporation who purchases, receives, or holds personal property of any description for the purpose of adding to the value thereof by any process of manufacturing, refining, purifying, combining or different materials, or by the packing of meats, with a view to selling the same for gain or profit, shall be deemed a manufacturer for the purpose of this title, and shall list such property for taxation.

Only if plaintiff is engaged in manufacturing will the machinery used in its operations be taxed as real estate under section 427A.1(1)(e). The board argues the district court erred by concluding that the plaintiff does not engage in manufacturing. The board asserts the plaintiff's processes should be classified as manufacturing on the ground the plaintiff "adds to the value of" the material it quarries and changes the material into "a new or different article having a new or distinctive name or character."

The district court relied on *Iowa Limestone Co. v. Cook*, 211 Iowa 534, 233 N.W. 682 (1930), in which the Iowa Supreme Court held that the process of quarrying, crushing, screening, and marketing rock was not a manufacturing enterprise for the purpose of taxation under a statute similar to section 427A.1(1)(e). In *Iowa Limestone*, the supreme court noted that the quarrying process merely changed the material in question from "large stone" to "small stone", without adding or removing anything and without changing the material into "a new or different article having any new or distinctive name or character." *Id.* at 541, 233 N.W. at 686. The district court in the present case stated that it felt itself bound by the holding of *Iowa Limestone*.

The board's attack on the *Iowa Limestone* case is twofold. Initially, it argues that, in deciding the case, the Iowa Supreme Court "adopted the faulty reasoning" of an earlier Pennsylvania court decision, *Commonwealth v. John T. Dyer Quarry Co.*, 250 Pa. 589, 95 A. 797 (1915). The board objects to these cases as focusing "on the outward appearance of the object as

opposed to the manner in which the products may be used." It urges the court to determine whether a 'new or different article having any new or distinctive name or character' has been 'manufactured' by looking at the *use* to which the products are put; "if they are not suited for the same uses, they must be different articles."

This argument, however, indicates a misunderstanding on the part of the board, of those cases decided prior to and those cases following the *Iowa Limestone* approach. These cases suggest that the manner in which the end products were used was indeed a consideration in determining whether the company was engaged in manufacturing. For example in *People ex rel. Tomkins Cove Stone v. Saxe,* 176 App.Div. 1, 5, 162 N.Y.S. 408, 411 (1916), the court held that the quarrying, crushing, sorting and preparing of stone for sale did not constitute manufacturing but noted that a different question would have been presented had the addition of other substances produced an article "having a different character and use." *Id.* Similarly, in *Commonwealth v. John T. Dyer Quarry Co.,* 250 Pa. 589, 593, 95 A. 797, 798 (1915), the court found that crushed rock was similar in form and appearance to the rock before the crushing process and that "[t]hey had not manufactured it into a new and different article, having a distinctive name, character, or use . . . ." *Id.* (quoting *Hartranft v. Wiegmann,* 121 U.S. 609, 613, 7 S.Ct. 1240, 1243, 30 L.Ed. 1012, 1016 (1887)). These cases were cited with approval by the Iowa Supreme Court in *Iowa Limestone,* 211 Iowa at 538–40, 233 N.W. at 684–85. Moreover, a review of the more recent cases suggests that *Iowa Limestone* was an early decision which other jurisdictions have cited to hold that various rock or mineral related enterprises do not constitute manufacturing. *Schumacher Stone Co. v. Tax Commission of Ohio,* 134 Ohio St. 529, 536, 18 N.E.2d 405, 408 (1938) (quarrying, crushing and cleaning of limestone held not to be manufacturing); *Duke Power Company v. Clayton,* 274 N.C. 505, 515, 164 S.E.2d 289, 296 (1968) (mining, crushing and cleaning of coal held not to be manufacturing); *Solite*

*Corporation v. County of King George,* 220 Va. 661, 665, 261 S.E.2d 535, 537 (Va.1980) (crushing, washing, screening, grading and blending of sand and gravel held not to be manufacturing). The position that the quarrying of rock does not constitute manufacturing is now the majority view among our sister states. The *Iowa Limestone* case places Iowa well within the majority rule; it has withstood the test of time and we are not privileged to vary from the course upon which it has placed us. We need only determine whether the instant case falls within the *Iowa Limestone* rule.

The board asserts that *Iowa Limestone* does not control the instant case because the facts here are distinguishable. It contends that the record demonstrates that here the plaintiff produces a number of different products which have different names and uses. He asserts that no such record was made in the *Iowa Limestone* case. We believe, however, that the cases cannot be so differentiated. The process analyzed in *Iowa Limestone* consisted of blasting limestone from a natural deposit, crushing it, and screening it to various merchantable sizes. Of this process, the court said:

> The appellant, under the record, does nothing that in any way changes the character of the natural product with which it deals. It simply takes stone from the natural quarry, and breaks it into smaller pieces. The material is large stone when taken from the quarry, and it is small stone when broken; but nothing whatever is added to or taken from this product by the process of crushing. The process does not change the product into a new or different article, having any new or distinctive name or character. This is altogether different from the business of felling timber in its natural state, and sawing, planning, dressing, and sizing the same into an entirely new product, namely, merchantable lumber of many varieties.
>
> We hold that the appellant was not a manufacturer, under the statute.

*Iowa Limestone,* 211 Iowa at 541, 233 N.W. at 686.

In the instant case, the process employed is also the mining, crushing and screening of limestone. No other process was employed during the year in question and was seldom performed in the past. The crushed limestone is used for agricultural limestone and road stone. The difference between these products is simply the degree to which the limestone is crushed; the agricultural limestone consists of the smallest particles or powder produced in the crushing process. While the washing process could be employed to make the crushed limestone suitable for other purposes, the process had not been employed in Washington County for the tax year in question. Viewing the taxing status strictly against the taxing body, we agree with the trial court that, under these facts, *Iowa Limestone* is controlling and that plaintiff is not 'manufacturing' within the meaning of our statutes such that its machinery should be taxed as real estate. See *Scott County Conservation Board v. Briggs,* 229 N.W.2d 126, 127 (Iowa 1975) (language of taxing statute must signal a clear intent to tax the situation before the court).

■ We note that the "Iowa Department of Revenue Industrial Machinery and Equipment Guide" does not govern our determination of whether plaintiff is engaged in manufacturing. That guide comes into play only after the determination is made that the taxpayer is subject to taxation; it sets forth what items are to be considered real estate only once it has been determined that the taxpayer is involved in 'manufacturing.' Moreover, section 427A.1(1)(e) specifically provides that its scope is intended to be the same as "the scope of property taxable under section 428.22 prior to July 1, 1974." *Iowa Limestone* was legal precedent under the statutory predecessor to section 428.22. It remains good law after the passage of section 427A.1(1)(e) since the legislature was presumed to know the state of the law when the statute was passed, and no affirmative statement to the contrary was manifested. See *Associated General Contractors v. State Tax Commission,* 255

Iowa 673, 677, 123 N.W.2d 922, 924 (1963); *State v. Sheffey,* 234 N.W.2d 92, 97 (Iowa 1975). Accordingly, since we find that under *Iowa Limestone* plaintiff was not engaged in manufacturing, we believe any reliance on the valuation guide would be inappropriate.

We therefore uphold the trial court's decision striking the assessment of plaintiff's machinery as real estate and ordering that it be taxed as personal property.

AFFIRMED.

SCHLEGEL, J., takes no part.